ANGELA SPIVEY (*pro hac vice*)
ANDREW PHILLIPS (*pro hac vice*)
JAMIE GEORGE (*pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA  30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
E-mail:  angela.spivey@alston.com
         andrew.phillips@alston.com
         jamie.george@alston.com

RACHEL E. K. LOWE (SBN 246361)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
E-mail:  rachel.lowe@alston.com

Attorneys for Defendant
**CONAGRA BRANDS, INC.,**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT COHEN, a consumer, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>CONAGRA BRANDS, INC., a Delaware corporation,<br><br>        Defendant. | Case No.:  8:20-cv-00637-DOC<br><br>Assigned to the Hon. David O. Carter Courtroom 9D<br><br>**DEFENDANT CONAGRA BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>[Filed concurrently with the Memorandum of Points and Authorities; Declaration of Andrew G. Phillips; Request for Judicial Notice; and [Proposed] Order]<br><br>Date:     August 24, 2020<br>Time:     8:30 a.m.<br>Crtroom.: 9D |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on August 24, 2020, or as soon thereafter as this matter may be heard, in the United States District Court, Central District of California, Southern Division, located at 411 West Fourth Street, Courtroom 9D, Santa Ana, CA, 92701-4516 before the Honorable David O. Carter, Defendant Conagra Brands, Inc., ("Conagra" or "Defendant") will, and hereby does, move the Court for an order, pursuant to Rules 12(b)(1), 12(b)(6), and 9(b) of the Federal Rules of Civil Procedure, dismissing Plaintiff Robert Cohen's ("Plaintiff") class action complaint with prejudice. Conagra brings this Motion on the following issues:

Plaintiff asserts that various Banquet chicken products, manufactured and produced by Conagra ("Chicken Products" or "Challenged Products") are deceptively labeled because the product labeling contains claims that the Challenged Products are "100% Natural" and contain "No Preservatives," or artificial flavors or colors. But the labels and specific labeling claims that Plaintiff challenges were pre-approved by the United States Department of Agriculture ("USDA"). Plaintiff's entire lawsuit – asserting only three state law causes of action – is expressly preempted by federal law because two direclty applicable federal statutes explain that any state law imposing labeling requirements "in addition to, or different than" the requirements imposed under federal law are expressly preempted. 21 U.S.C. §§ 451 *et seq.* (Poultry Products Inspection Act ("PPIA")); §§ 601 *et seq.* (Federal Meat Inspection Act ("FMIA")). Plaintiff also asserts the same state law claims premised upon statements appearing on Conagra's Banquet brand website, but because Plaintiff challenges the ***exact same statements*** that were expressly approved by the USDA as not false or misleading, his website-based claims are also expressly preempted. The preemption defense is case dispositive. Still, Plaintiff's claims fail for additional reasons.

Plaintiff's claims are premised upon the false assertion that Conagra represents its Chicken Products as "100% Natural" or having no preservatives or artificial colors or flavors. But that illusory claim does not appear anywhere on the Challenged

Products' labeling. Instead, that labeling clearly states that the Chicken Products are "MADE WITH 100% NATURAL WHITE MEAT CHICKEN. No Preservatives! No Artificial Colors. No Added Hormones. No Artificial Flavors." And each of those representations appear together, in a single graphic on each product's principal display panels that clearly refer to the products' "White Meat Chicken" – not to the products as a whole (which contain additional, disclosed ingredients in the form of breading and sauces.) Accordingly, no reasonable consumer could be misled by the Chicken Products' labeling.

In addition, Plaintiff's fraud based claim fail because Plaintiff failed to plead his case with the requesite particularity under Federal Rule of Civil Procedure 9(b). Plaintiff not only failed to allege with specificity which allegedly false or misleading statements he relied on, he also failed to allege how he was decieved by the labeling claims, why his reliance was reasonable, or any facts regarding his supposed reliance.

Plaintiff also lacks standing to pursue his claims as he suffered no concrete injury sufficient to satisfy Article III standing requirements. Further, Plaintiff lacks standing to pursue injunctive relief because he has no "real and immediate threat" of repeated injury in the future and because there is no future risk that he will be misled by the Chicken Products' labeling.

Finally, Plaintiff's nationwide class claims fail because he cannot pursue California claims on behalf of a nationwide class where California has no "significant contact" to the claims of the out-of-state plaintiffs. And this Court lacks personal jurisdiction over the claims of non-resident putative class members against Conagra under foundational tenets of personal jurisdiction.

This Motion is filed following the conference of counsel pursuant to Local Rule Rule 7-3, which took place on May 8, 2020.

This Motion is based on this Notice of Motion and Motion to Dismiss, the concurrently filed Memorandum of Points and Authorities, Request for Judicial Notice and supporting declaration, and upon such other and further briefing, argument and

1  evidence as may be presented prior to or at the time of the hearing of this Motion.

2

3  DATED: June 8, 2020

                              ANGELA SPIVEY
                              **ALSTON & BIRD LLP**

                              */s/ Angela Spivey*
                              ANGELA SPIVEY
                              Attorney for Defendant
                              **CONAGRA BRANDS, INC.,**