# Exhibit 1

ANGELA SPIVEY (*pro hac vice*)
ANDREW PHILLIPS (*pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
E-mail:   angela.spivey@alston.com
          andrew.phillips@alston.com

RACHEL E. K. LOWE (SBN 246361)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
E-mail:   rachel.lowe@alston.com

Attorneys for Defendant
**CONAGRA BRANDS, INC.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| ROBERT COHEN, a consumer, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONAGRA BRANDS, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 8:20-cv-00637-DOC<br><br>Assigned to the Hon. David O. Carter<br><br>**DECLARATION OF ANDREW G. PHILLIPS IN SUPPORT OF CONAGRA BRANDS, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>[Filed concurrently with Application for Leave to File Under Seal; Declaration of Jennifer Danek; and (Proposed) Order]<br><br>Date:         August 29, 2022<br>Time:         8:30 a.m.<br>Courtroom:    10A |

1 **DECLARATION OF ANDREW G. PHILLIPS**

2 I, Andrew G. Phillips, hereby declare and state as follows:

3 1. I am an attorney duly licensed to practice law in the State of Georgia and, pursuant to Civil L.R. 83-2.1.3, have been granted admission *pro hac vice* to appear in this case. I am counsel at the law firm of Alston & Bird LLP, attorneys of record herein for Defendant Conagra Brands Inc. ("Conagra"). Pursuant to Local Civil Rule 79-5.2.2(a)(i), I make this declaration in support of Conagra's Application for Leave to File under Seal ("Application"), in which Conagra seeks to seal limited portions of documents in connection with Conagra's motion to dismiss Plaintiff Robert Cohen's First Amended Complaint (Dkt. 42). I have personal knowledge of the facts set forth in this declaration and if called as a witness, I could and would testify competently to them.

2. Attached hereto as **Exhibit A** are *unredacted* versions of the documents that are the subject of the Application. Pursuant to Civil L.R. 79-5.2.2(a)(iv), Conagra's proposed redactions to these documents are highlighted.

3. Attached hereto as **Exhibit B** are *redacted* versions of the documents that are the subject of the Application. The redacted documents attached hereto as Exhibit B are identical to the redacted documents filed at (Dkt. 48-4).

4. I have reviewed the materials that are the subject of the Application. The limited portions of the documents are appropriately sealed pursuant to the compelling reasons and good cause standards. For the reasons stated in the Declaration of Ms. Jennifer Danek of Conagra Brands, Inc., dated July 7, 2022 ("Danek Declaration"), the portions of these documents reference confidential and commercially sensitive information that Conagra is diligent in protecting from public disclosure in the ordinary course of business. A true and correct copy of the Danek Declaration articulating factual bases for sealing these materials is attached hereto as **Exhibit C**. Accordingly, they are appropriately sealed pursuant to both the compelling reasons and the good cause standards.

5.      I have reviewed the Court's Civil Procedures and Civil Local Rule 79-5.2. I hereby certify that Application and supporting Declarations comply with the Court's Civil Instructions and Local Rule 79-5.2.

6.      The materials at issue in the Application relate to two narrow categories of information: (a) proprietary and trade-secret protected product formulation of Conagra's products; and (b) proprietary supplier information that is not publicly available.  Federal courts in the Ninth Circuit routinely grant applications to seal this types of information, and on behalf of Conagra, Declarant respectfully asks this Court to seal the documents and information referenced below.

**The Standard**

7.      The Ninth Circuit applies a "compelling reasons" standard for sealing documents where the "motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Group*, 809 F. 3d 1092, 1099 (9th Cir. 2016).  In assessing whether the compelling reasons standard has been met, courts are to "balance the competing interests of the public and the party who seeks to" to protect the records from public disclosure.  *Milliner v. Mut. Secs., Inc.*, No. 15-cv-03354, 2021 U.S. Dist. LEXIS 120253, at *12 (N.D. Cal. June 28, 2021) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).  The Ninth Circuit, however, has reasoned that "the public has less of a need for access to court records" that are less directly related to the merits of the case and accordingly applies a good cause standard to determine whether these documents should be sealed from public disclosure.  *Id.* at *12-13 (citing *Auto Safety*, 809 F.3d at 1097-98). As demonstrated below, compelling reasons support sealing the highly sensitive and confidential materials designated by Conagra here. If the Court instead concludes that the less restrictive "good cause" standard applies here, that standard is also met.

**Compelling Reasons Exist to Seal Information Reflecting Highly Sensitive and Proprietary Product Formulation Information**

- **(Dkt. 48-4), at pp. 3, 5-6, 11, 13, 18, 20, 27, 30, 37, 42, 51, 53-54**
- **Exh. A, at pp. 3, 5-6, 11, 13, 18, 20, 27, 30, 37, 42, 51, 53-54.**

8.   Compelling reasons exist to seal information reflecting Conagra's proprietary and trade secret-protected formulation of Conagra products. As demonstrated in the Danek Declaration, disclosure of this proprietary and highly confidential information would place Conagra at a severe competitive disadvantage. *See* Ex. C ¶ 8.

9.   As detailed in the Danek Declaration, the information contained within these materials is both highly valuable to Conagra and commercially sensitive. Conagra expends significant time and resources on research and development in connection with the formulation of its products. Similarly, as detailed in the Danek Declaration Conagra treats this information as highly confidential and takes significant measures to ensure this material is not disseminated to the public. Such information would be of great value to Conagra's competitors because it would disclose Conagra's classified business strategies and trade secrets. Among other things, public disclosure of such information could enable competitors to replicate Conagra's business strategies and products and undercut Conagra's position in the marketplace. Ex. C ¶ 8.

10.   This is the type of competitively sensitive information that courts routinely seal. *See, e.g., Prescott v. Reckitt Benckiser LLC*, No. 20-cv-02101-BLF, 2022 U.S. Dist. LEXIS 51488, at *6 (N.D. Cal. Mar. 22, 2022) ("Courts within the Ninth Circuit commonly grant sealing requests to protect exactly this type of information [detergent formulas, product development, and testing protocols.]"); *Rich v. Shrader*, No. CIV. 09CV652 AJB BGS, 2013 WL 6028305, at *4 (S.D. Cal. Nov. 13, 2013) ("The Court finds that the materials could be used for improper purposes by including the release of business strategies and secrets. Such information may be utilized by business

competitors seeking to gain an advantage by circumventing the time and resources necessary to develop their own business strategies and models. Thus, the parties have shown compelling reasons that outweigh the public's interest in disclosure."); *In re Lidoderm Antitrust Litig.*, 2016 WL 4191612, at *26 (N.D. Cal. Aug. 9, 2016) (sealing "information regarding . . . competitive intelligence strategies….and confidential business strategies.").

**Compelling Reasons Exist to Seal Information Reflecting Commercially Sensitive and Proprietary Supplier Information**

- **(Dkt. 48-4), at pp. 18, 31-33, 37**
- **Exh. A, at pp. 18, 31-33, 37.**

11. Compelling reasons also exist to seal information reflecting Conagra's commercially sensitive and proprietary information regarding the sourcing and suppliers for Conagra products. As demonstrated in the Danek Declaration, disclosure of this commercially sensitive, confidential information would provide Conagra's competitors with an unfair competitive advantage. *See* Ex. C ¶ 9.

12. As detailed in the Danek Declaration, this information is both highly valuable to Conagra and commercially sensitive. Conagra expends significant time and resources negotiating its supply agreements with third parties for the ingredients it sources for its products, and the identity of Conagra's suppliers and the terms of its supply agreements are confidential, competitively sensitive business information. Disclosure of Conagra's supplier information would enable its competitors to use the information at no cost to unfairly replicate Defendant's business strategies and to circumvent the time and resources necessary to develop their own. *See* Ex. C ¶ 9.

13. This is the type of competitively sensitive business strategy and information that courts routinely seal. *See, e.g., Aya Healthcare Servs. v. Amn Healthcare, Inc.*, No. 17cv205-MMA (MDD), 2020 U.S. Dist. LEXIS 68855, at *13 (S.D. Cal. Apr. 20, 2020) ("[T]he Court agrees with Defendants that compelling reasons

1  exist to seal the associate vendor agreements, affiliated vendor agreements, and supplier
2  agreements."); *FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 U.S. Dist. LEXIS
3  1289, at *15 (N.D. Cal. Jan. 3, 2019) ("Thus, to the extent that the instant motion seeks
4  to seal information that, if published, may harm Qualcomm's or third parties'
5  competitive standing and divulges terms of confidential contracts, contract negotiations,
6  or trade secrets, the Court agrees with the parties that compelling reasons exist to seal
7  this information."); *Bauer Bros. LLC v. Nike, Inc.*, No. 09CV500-WQH-BGS, 2012 WL
8  1899838, at *2 (S.D. Cal. May 24, 2012), ("Public disclosure of Nike's confidential
9  business materials, including marketing strategies, sales and retailer data . . . and
10 detailed testimony regarding the same, could result in improper use by business
11 competitors seeking to replicate Nike's business practices and circumvent the
12 considerable time and resources necessary in product and marketing
13 development....Nike has shown compelling reasons that outweigh the public's interest
14 in disclosure and justify filing the submitted sealed lodged documents."); *In re*
15 *Hydroxycut Mktg. & Sales Practices Litig.*, 09MD2087 BTM AJB, 2011 WL 864897,
16 at *2 (S.D. Cal. Mar. 11, 2011) (sealing product development information).

17      14.     On July 7, 2022, I spoke with counsel for Plaintiff Robert Cohen regarding
18 this Application. I was advised that Plaintiff takes no position on Conagra's Application
19 but that Plaintiff reserves his right to later assert that the subject documents are not
20 confidential or otherwise are not entitled to confidential treatment. I also proposed a
21 non-disclosure agreement to Plaintiff's counsel to allow for the service of the
22 unredacted documents on Plaintiff without compromising their confidentiality.

23 ///
24 ///
25 ///

5

1   I declare under the penalty of perjury under the laws of the United States that the
2   foregoing is true and correct.
3   Executed this 9th day of July, 2022 in Atlanta, Georgia.

                                                  Andrew G. Phillips