ANGELA SPIVEY (*pro hac vice*)
ANDREW PHILLIPS (*pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
E-mail:  angela.spivey@alston.com
         andrew.phillips@alston.com

RACHEL E. K. LOWE (SBN 246361)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
E-mail:  rachel.lowe@alston.com

Attorneys for Defendant
**CONAGRA BRANDS, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT COHEN, a consumer, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONAGRA BRANDS, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 8:20-cv-00637-DOC<br><br>Assigned to the Hon. David O. Carter<br><br>**DEFENDANT CONAGRA BRANDS, INC.'S RESPONSE TO PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE SURREPLY** |

# CONAGRA BRANDS, INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO SUBMIT SURREPLY

## I.      INTRODUCTION

Ex parte applications are "rarely justified," *Crawford v. Cnty. of Orange*, 2022 U.S. Dist. LEXIS 93420, *5 (C.D. Cal. 2022), and motions for leave to file surreplies are "viewed with disfavor." *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. 2005). Yet Plaintiff has taken the extraordinary tack of submitting a procedurally improper ex parte application seeking leave to submit an irrelevant and futile surreply raising arguments already thoroughly briefed by Plaintiff and rejected by the Ninth Circuit Court of Appeals ***in this very case***. *See* Dkt. 35 at 9-13 (*Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283 (9th Cir. 2021) (holding "Cohen may not try to argue or show that FSIS's approval decision was wrong" because "[o]nce the agency has decided that a poultry label meets the requirements of federal law, a plaintiff has no recourse through state law.")). For the reasons set forth herein, Plaintiff's ex parte application should be denied.

## II.     ARGUMENT AND CITATION TO AUTHORITY

### a. Plaintiff's Ex Parte Application is Procedurally Improper

"An ex parte application is a means of obtaining extraordinary relief and is appropriate in only rare circumstances." *Stokes v. All Worlds Resorts, Inc.*, 2022 U.S. Dist. LEXIS 138450, *1 (C.D. Cal. June 9, 2022). Absent a showing that "bypassing the regular noticed motion procedure is necessary," an ex parte filing is procedurally

improper. *Id.*; *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492-93 (C.D. Cal. Mar. 14, 1995).  To justify ex parte relief, Plaintiff must show (1) his "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) he is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred [due to] excusable neglect." *Id.* As the *Mission Power* Court warned in a thorough and influential[1] discussion of ex parte motions, an ex parte motion "is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' <u>There had better be a fire</u>." *Mission Power Eng'g Co.*, 883 F. Supp. at 492-93 (emphasis added).

Plaintiff's ex parte application and supporting declaration are completely bereft of any **<u>attempt</u>** to carry his burden of establishing a right to ex parte relief. *See generally* Dkt. 63. Indeed, Plaintiff was served with unredacted sketch approvals on July 15, 2022 and a hearing on Conagra's Motion to Dismiss is not scheduled until August 29, 2022. Plaintiff has made absolutely no showing as to how he would have been "irreparably prejudiced" had he sought relief through regular noticed motion practice during that nearly month-and-a-half-long period. *Id.* Likewise, as Plaintiff admits in his ex parte application, Plaintiff raised the issue of submitting a surreply as early as July 7, 2022

---

[1] Although *Mission Power* was issued in 1995, its thorough and thoughtful discussion regarding the purpose, law, and procedure of ex parte motions is still regularly cited by Central District courts today.  *See*, *e.g.*, *Stokes*, 2022 U.S. Dist. LEXIS 138450, *1-2 (relying on and citing *Mission Power*); *Crawford*, 2022 U.S. Dist. LEXIS 93420 at *5 (same).

(when the parties met and conferred regarding Conagra's motion to seal the previously redacted portions of the sketch approvals) and understood at that time that Conagra opposed leave to seek a surreply. *Id.* at 1. Accordingly, Plaintiff has failed to establish any "crisis that requires ex parte relief"—much less that such a crisis was due to anything other than his own fault or inexcusable neglect. *Id.*

Courts regularly deny petitions for ex parte relief where the petitioner fails to affirmatively establish each of the elements necessary to secure such "extraordinary relief." *Mission Power Eng'g Co.*, 883 F. Supp. at 492-93 (denying ex parte motion for failure to show irreparable prejudice or excusable neglect); *Stokes*, 2022 U.S. Dist. LEXIS 138450, *1-2 (denying ex parte petition where petitioner failed to make requisite two-prong showing); *Crawford*, 2022 U.S. Dist. LEXIS 93420 at *5 (same). Indeed, the Mission Power Court observed that ***"[m]any ex parte motions are denied, not because the underlying request is unwarranted, but because the papers do not show that bypassing the regular noticed motion procedure is necessary***." *Mission Power Eng'g Co.*, 883 F. Supp. at 492-93 (emphasis added). Here, Plaintiff has failed to establish—or even attempt to establish—***any*** element required for ex parte relief, and his petition should be denied on that basis alone. *Id.*[2]

---

[2] Indeed, *Mission Power* instructs that a properly prepared and submitted ex parte application should consist of two separate and independent elements:

> The first part should address only why the regular noticed motion procedures must be bypassed. The second part consists of papers identical to those that would be filed to initiate a regular noticed motion (except that they are denominated as a 'proposed' motion and they show no hearing

### b. Leave Should be Denied Because the Proposed Surreply Merely Reasserts Arguments Previously Asserted and Rejected by the Ninth Circuit.

To be clear, even if Plaintiff's ex parte was procedurally proper—and it is not—Plaintiff's motion for leave should still be denied because it is a trojan horse attempt to submit futile supplemental briefing in support of an argument that has already been exhaustively briefed and rejected by the Ninth Circuit. *Incipio, LLC v. Argento SC by Sicura Inc.*, 2018 U.S. Dist. LEXIS 225054, *15 (C.D. Cal. 2018) (denying leave to file surreply "[b]ecause Incipio's requested surreply … would be futile"). Specifically, the proposed surreply argues that because the sketch approvals contain information which **Plaintiff believes** should preclude a product from being labeled "natural," Plaintiff should be able to challenge FSIS's approval of the subject labels. Not so. Binding Ninth Circuit precedent *in this very case* unequivocally rejected that argument: "Cohen may not try to argue or show that FSIS's approval decision was wrong" because "[o]nce the agency has decided that a poultry label meets the requirements of federal law, a plaintiff has no recourse through state law . . . ." Dkt. 35 at 13. That's because the agency "imposes" a federal requirement within the meaning of 21 U.S.C. § 467e (the PPIA's

---

> date.) *These are separate, distinct elements for presenting an ex parte motion and should never be combined. The parts should be separated physically and submitted as separate documents.*

*Mission Power Eng'g Co.*, 883 F. Supp. at 492-93 (emphasis in original). Here, Plaintiff not only failed to comply with these procedures, but utterly failed to make any showing regarding why ex parte relief is appropriate in the first instance.

express preemption clause) when it approves a label and decides a product is not false or misleading. *Id.* at 9. If a plaintiff claims "that the agency's decision to approve the label was wrong" he would therefore be "seeking to impose a requirement different from federal requirements." *Id.* at 9-10. Per the Ninth Circuit, Plaintiff cannot second guess the FSIS's approval decision—whether based on the previously redacted portions of the sketch approvals, or anything else. *Id.* Accordingly, it would be impossible for Plaintiff to assert a valid, non-preempted claim based on the very sketch approvals that Conagra provided to FSIS. That is the definition of second-guessing agency approval.

To be clear, this is just another variation of the same arguments Plaintiff briefed extensively in his Response brief. *See, e.g.*, Dkt. 51 pp. 10-11 (arguing FSIS does not adequately discharge its duties), 14-18 (arguing that despite FSIS label approval, product does not qualify as "natural"). Likewise, Conagra addressed those argument thoroughly in its Reply. Dkt. 53 pp. 10-13, 16-19. Plaintiff's proposed surreply—now relying on additional elements of the sketch approvals—adds nothing new to the discussion. It is undisputed that FSIS was privy to ***all*** of the information contained in the sketch approvals at the time it approved the labels of the subject poultry products, including the "natural" claim. Once the label is approved by FSIS, the Ninth Circuit has expressly held that "a plaintiff has no recourse through state law." Dkt. 35 at 13. Plaintiff's labeling claims are transparent attempts to second guess FSIS—and are

therefore preempted as a matter of law.[3]

Motions for leave to file a surreply are generally viewed with disfavor. *Hill* 2005 WL 3031136 at *1. Here, the Court should deny Plaintiff's request for leave because it merely reiterates arguments already briefed by the parties and, in doing so, ignores the entire corpus of FSIS preemption jurisprudence and the binding opinion of the Ninth Circuit issued in this case. Accordingly, leave should be denied because the proposed surreply is redundant and futile. *See*, *e.g.*, *Harvey v. Advisors Mortg. Grp.*, LLC, 2021 U.S. Dist. LEXIS 177638, *2 (S.D. Cal. 2021) (denying ex parte application to submit surreply where surreply was redundant); *Incipio*, 2018 U.S. Dist. LEXIS 225054 at *15 (denying leave to submit futile surreply).

### c. Leave Should be Denied Because the Unredacted Sketch Approvals Do Not Constitute "New Evidence" Justifying a Surreply.

As discussed in greater detail in Conagra's Response to Plaintiff's Objection submitted contemporaneously herewith, Conagra only submitted the unredacted version of the FSIS approved sketch approvals because Plaintiff, in his Response brief, complained that the sketch approvals submitted with Conagra's opening brief were partially redacted. Dkt. 51 p. 8; Dkt. 52 pp. 1, 4, and 7. Moreover, Conagra did not

---

[3] The Court should also deny leave because the proposed surreply improperly attempts to inject new factual allegations via supplemental briefing. Remarkably, Plaintiff's proposed surreply attempts to rely on (1) a website of a poultry supplier, (2) a 2015 article from the Korean Journal of Food Science, and (3) two YouTube videos. *See* Dkt. 59-1 Ex. A at pp. 2-4, n. 1-4. Tellingly, Plaintiff does not even *attempt* to have the Court take judicial notice of these resources far beyond the pleadings.

rely on any of the previously redacted portions of the sketch approvals—because the only relevant aspect of the sketch approvals are the FSIS approval stamps on the first page of each establishing that FSIS approved the labels, and thus triggering express preemption. Regardless, case law in this jurisdiction is clear that arguments and evidence submitted on reply in response to arguments first made in response are not new evidence or arguments warranting a surreply. *See, e.g.*, *Great Am. Ins. Co. v. Berl*, No. 17-cv-03767 SJO, 2017 U.S. Dist. LEXIS 222108, 2017 WL 8180627, at *1 (C.D. Cal. Oct. 23, 2017) (denying ex parte motion for surreply because "an argument is not 'new' when it is made in response to an issue raised in an earlier briefing"); *Messih v. Mercedes-Benz USA, LLC*, No. 21-cv-03032, 2021 U.S. Dist. LEXIS 118412, at *5 (N.D. Cal. June 24, 2021) (court was not considering new evidence or argument on reply when defendant initially submitted sales contract with attorney declaration and then re-submitted contract with declaration from dealer representative on reply after plaintiff raised evidentiary objections to its authenticity); *Vincent Farms, Inc. v. Sygenta Seeds, LLC*, No. 1:17-cv-00338, 2018 U.S. Dist. LEXIS 1740, at *7-8 (D. Idaho Jan. 2, 2018) ("The . . . Declaration is a timely response to [plaintiff's] opposition. [Plaintiff] questioned the authenticity of the documents attached to counsel's declaration and [defendant] responded with an additional declaration authenticating the same documents.").

## III. CONCLUSION

The Court should deny Plaintiff's procedurally improper, redundant, and futile ex parte application for leave to submit a surreply.

DATED: August 10, 2022        */s/ Angela Spivey*
                                            *Attorney for Defendant Conagra Brands, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2022, I authorize the electronic filing of the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 10, 2022.

/s/ Angela Spivey
ANGELA SPIVEY