ANGELA SPIVEY (*pro hac vice*)
ANDREW PHILLIPS (*pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
E-mail:  angela.spivey@alston.com
         andrew.phillips@alston.com

RACHEL E. K. LOWE (SBN 246361)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
E-mail:  rachel.lowe@alston.com

Attorneys for Defendant
**CONAGRA BRANDS, INC.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT COHEN, a consumer, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONAGRA BRANDS, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 8:20-cv-00637-DOC<br><br>Assigned to the Hon. David O. Carter<br><br>**DEFENDANT CONAGRA BRANDS, INC.'S RESPONSE TO PLAINTIFF'S OBJECTION** |

**CONAGRA BRANDS, INC.'S RESPONSE TO PLAINTIFF'S OBJECTION**

**I.     ARGUMENT AND CITATION TO AUTHORITY**

Plaintiff's "Objection" to Defendant Conagra Brands, Inc.'s ("Conagra") "new evidence" purportedly presented on reply should be denied because evidence and arguments are not "'new' when … made in response to an issue raised in an earlier briefing." *Great Am. Ins. Co. v. Berl*, No. 17-cv-03767 SJO, 2017 U.S. Dist. LEXIS 222108, 2017 WL 8180627, at *1 (C.D. Cal. Oct. 23, 2017); *Messih v. Mercedes-Benz USA, LLC*, No. 21-cv-03032, 2021 U.S. Dist. LEXIS 118412, at *5 (N.D. Cal. June 24, 2021) (court was not considering new evidence or argument on reply when defendant initially submitted sales contract with attorney declaration and then re-submitted contract with declaration from dealer representative on reply after plaintiff raised evidentiary objections to its authenticity).

Here, Conagra submitted the subject declaration and unredacted sketch approvals in ***direct response*** to (meritless) complaints raised for the first time in Plaintiff's Response briefing. Specifically, in conjunction with its Motion to Dismiss Plaintiff's First Amended Complaint, Conagra submitted (1) a declaration of counsel authenticating various product labels and sketch approvals at issue in this lawsuit and (2) redacted versions of FSIS approved sketch approvals which excluded irrelevant (but commercially sensitive) information regarding product formulation and sourcing. Dkt. 48. In his response to Conagra's Motion and Request for Judicial Notice, Plaintiff

complained that (1) the declaration was from Conagra's counsel rather than an employee; and (2) portions of the sketch approvals were redacted. Dkt. 51 p. 8; Dkt. 52 pp. 1, 4, and 7. While Conagra maintained—and continues to maintain—that Plaintiff's evidentiary concerns were meritless, it elected to take the issues completely off the table by giving Plaintiff exactly what he asked for: a declaration of a Conagra employee authenticating the documents and unredacted versions of the sketch approvals (which this Court allowed Conagra to file under seal). Dkt. 55-1 ¶ 2; Dkt. 55-2; Dkt 57 (granting leave to file under seal). Plaintiff now attempts to weaponize Conagra's courtesy by objecting to the very documents Plaintiff sought.[1]

As myriad courts in this Circuit and throughout the country have concluded, evidence submitted on reply in response to arguments raised in an opposition is not considered "new evidence," and an additional declaration submitted on reply that authenticates previously filed documents is considered timely. *Vincent Farms, Inc. v. Sygenta Seeds, LLC*, No. 1:17-cv-00338, 2018 U.S. Dist. LEXIS 1740, at *7-8 (D. Idaho Jan. 2, 2018) ("The . . . Declaration is a timely response to [plaintiff's] opposition. [Plaintiff] questioned the authenticity of the documents attached to counsel's

---

[1] Notably, while Conagra's documentation submitted on Reply should not be excluded for the reasons discussed herein, exclusion would ultimately be of no moment because the Court would still have the benefit of (1) the original declaration authenticating the product labels and sketch approvals; and (2) the FSIS approved sketch approvals, with irrelevant but commercially sensitive redactions. Dkt. 48. Those documents establish everything needed to grant Conagra's Motion to Dismiss—regardless of the Court's ruling on Plaintiff's meritless Objection.

declaration and [defendant] responded with an additional declaration authenticating the same documents."); *Great Am. Ins. Co.*, 2017 WL 8180627, at *1 ("[A]n argument is not 'new' when it is made in response to an issue raised in an earlier briefing."). Thus, Conagra's unredacted sketch approvals and additional authenticating declaration—provided in direct response to Plaintiff's complaints—are properly before the court. *See also Codding v. Pearson Educ., Inc.*, No. 18-cv-00817, 2019 U.S. Dist. LEXIS 194873, at *8 n.16 (N.D. Cal. Nov. 8, 2019) (where defendant submitted authenticating declaration on reply to "close the loop" on authentication challenge, court could consider authenticated documents for whatever value they may have); *Messih v. Mercedes-Benz USA, LLC*, No. 21-cv-03032, 2021 U.S. Dist. LEXIS 118412, at *5 (N.D. Cal. June 24, 2021) (court was not considering new evidence or argument on reply when defendant initially submitted sales contract with attorney declaration and then re-submitted contract with declaration from dealer representative on reply after plaintiff raised evidentiary objections to its authenticity); *Edry v. BMW of N. Am. LLC*, No. 20-cv-826, 2020 U.S. Dist. LEXIS 261517, at *6 n.2 (C.D. Cal. Sep. 8, 2020) ("Plaintiffs contended in their Opposition that Defendant failed to provide an authenticated copy of the Lease Agreement. . . . In Reply, Defendant provided a declaration of the finance director at Beverly Hills BMW authenticating an attached copy of the Lease Agreement.")

Because the declaration and unredacted versions of the sketch approvals

submitted by Conagra merely "close the loop" on issues raised by Plaintiff for the first time in Response, they do not constitute improper new evidence or argument. *Codding*, 2019 U.S. Dist. LEXIS 194873, at *8 n.16. Likewise, because the challenged declaration and documents do not constitute new evidence, they do not support Plaintiff's procedurally improper ex parte application for leave to submit a surreply. *Great Am. Ins. Co.*, 2017 WL 8180627 at *1 (denying ex parte motion for surreply because "an argument is not 'new' when it is made in response to an issue raised in an earlier briefing").

## II.   CONCLUSION

For the reasons stated herein, Plaintiff's Objection should be overruled and its accompanying requested relief should be denied.

DATED: August 10, 2022         */s/ Angela Spivey*
                               *Attorney for Defendant Conagra Brands, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2022, I authorize the electronic filing of the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 10, 2022.

*/s/ Angela Spivey*
ANGELA SPIVEY