**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00637-DOC-ADS                                Date:  March 20, 2023

Title: ROBERT COHEN ET AL. v. CONAGRA BRANDS, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE [48]**

Before the Court is Defendant Conagra Brands, Inc.'s ("Conagra" or "Defendant") Motion to Dismiss ("Mot." or "Motion") (Dkt. 48) and Request for Judicial Notice ("Request") (Dkt. 48-27). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion and Request.

**I.     Background**

   **A.  Facts**

The following facts are taken from Plaintiffs' First Amended Complaint ("FAC") (Dkt. 43). Plaintiff is a senior citizen and resident of Southern California. FAC ¶ 1. In 2015, Plaintiff began purchasing Defendant's frozen chicken products which had labels that read: "Made with 100% Natural White Meat Chicken"; "No Preservatives"; "No

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00637-DOC-ADS                              Date: March 20, 2023

Artificial Colors"; "No Added Hormones"; "No Artificial Flavors." *Id*. ¶¶ 28, 29. These representations were displayed on the package in large, bold type. See id. ¶ 29. In early 2018, Plaintiff visited Defendant's website, which described the products as "100% Natural" having no preservatives, artificial colors or flavors. *Id.* ¶ 73. Plaintiff claims that he relied on these representations and continued buying Defendant's chicken products until January 2019. Id. ¶¶ 73 – 79. Plaintiff challenges twenty of Defendant's products as false and misleading:

1. Chicken Breast Tenders (Box);
2. Buffalo-Style Breast Tenders;
3. Chicken Breast Tenders (Bag);
4. Chicken Breast Strips (Bag);
5. Whole Grain Chicken Breast Strips (Bag)
6. Chicken Breast Nuggets (Bag);
7. Chicken Breast Nuggets (Box);
8. Original Chicken Nuggets (Bag);
9. Original Chicken Nugget (Family Pack);
10. Chicken Breast Nugget (Family Pack);
11. Original Chicken Nugget (Box);
12. Hot & Spicy Wings;
13. Original Crispy Fried Chicken (Box);
14. Original Chicken Patties (Bag);
15. Chicken Breast Patties (Bag);
16. Chicken Breast Patties (Box);
17. Popcorn Chicken (Box);
18. Popcorn Chicken (Bag);
19. Original Chicken Patties (Box).

*Id.* ¶ 17.

On April 1, 2020, Plaintiff brought this putative class action, alleging that Defendant's product label and website representations violated California's Consumer Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), and False Advertising Law ("FAL"). See Cal. Civil Code §§ 1750–1784; Cal. Bus. & Prof. Code §§ 17200–17210; Cal. Bus. & Prof. Code§§ 17500–17536. *See generally* Compl. (Dkt. 1).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00637-DOC-ADS                              Date: March 20, 2023

Page 3

On August 20, 2020, the Court granted Defendant's Motion to Dismiss and dismissed Plaintiff's claims with prejudice ("Order") (Dkt. 29). Taking judicial notice of the images of the front packaging submitted by Defendant, the Court found that the U.S. Department of Agriculture's Food Safety and Inspection Service ("FSIS") had approved Defendant's poultry labels, and concluded that claims challenging both the label and website advertising were preempted by the federal Poultry Products Inspection Act ("PPIA"). Specicially, the Court found "no reason to distinguish between the packaging itself and an image of the packaging viewed over the Internet." Order at 4.

On appeal, the Ninth Circuit affirmed in part and reversed in part. *See* Dkts. 34, 35. Specifically, the Ninth Circuit reversed the Court's preemption of Cohen's claims challenging the product labels, noting that "the defendant must produce evidence that the label was reviewed and approved by FSIS." Cohen v. ConAgra Brands, Inc., 16 F.4th 1283, 1289 (9th Cir. 2021). The Ninth Circuit thus instructed that "the parties should submit evidence about (and the district court should decide) only whether ConAgra's label was reviewed and approved by FSIS." *Cohen v. ConAgra Brands, Inc.,* 16 F.4th 1283 (9th Cir. 2021). "If the evidence shows that ConAgra's label was approved by FSIS, then Cohen's claims are preempted." *Id.* at 1290.

As to Defendant's website representations, the Ninth Circuit held that the first half of the website representation—that the chicken product made with 100% natural, white meat chicken—"was essentially identical to the representation on the product label" and thus could not be challenged if the product labels were reviewed and approved by FSIS. *Cohen,* 16 F.4th at 1290. But the second half of the representation—stating that the chicken products *as a whole* contained no preservatives, artificial flavors, or artificial colors—was materially different. *Id.* at 1290–91. Accordingly, the Ninth Circuit held that Plaintiff's "state law claims challenging the website's 'no preservatives, artificial flavors, or artificial colors' claims are not preempted (whether or not the product *labels* were reviewed and approved by FSIS)." *Id.*

On March 30, 2022, Plaintiff filed a First Amended Complaint ("FAC") (Dkt. 43). On May 16, 2022, Defendant filed a Motion to Dismiss ("Mot." or "Motion") (Dkt. 48) and Request for Judicial Notice ("Request") (Dkt. 48-27). On June 20, 2022, Plaintiff opposed the Motion ("Mot. Opp'n") (Dkt. 51) and the Request ("Request Opp'n") Dkt. 52). On July 11, 2022, Defendant filed a reply in support of the Motion ("Mot. Reply") (Dkt. 53) and a reply in support of the Request ("Request Reply") (Dkt. 54).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00637-DOC-ADS                        Date: March 20, 2023

Page 4

## II.    Legal Standard

### A.  Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet that standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint must be dismissed under Rule 12(b)(6) when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Twombly*, 550 U.S. at 555 (holding that a claim must be facially plausible in order to survive a motion to dismiss).

The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Making such a determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00637-DOC-ADS                                    Date: March 20, 2023

                                                                                              Page 5

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## B. Request for Judicial Notice

Under Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quotation marks and citation omitted); *see Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record"). But a court cannot take judicial notice of disputed facts contained in such public records. *Lee*, 250 F.3d at 689; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Defendant requests that the Court take judicial notice of the following documents:

1. The United States Department of Agriculture's ("USDA") Food Safety and Inspection Service ("FSIS") sketch approvals for the twenty products at issue attached to the Phillips Declaration as Exhibit B1-B6.
2. High-resolution images of the labels on the packaging of the twenty products at issue, attached to the Phillips Declaration as Exhibit C1-C20;
3. The FSIS's Food Standards and Labeling Policy Book and FSIS's webpage titled "Meat and Poultry Labeling Terms," which includes FSIS's definition of the word "natural." True and correct copies of these documents, which are publicly available on FSIS's website, are attached to the Phillips Declaration as Exhibit D and Exhibit E, respectively.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00637-DOC-ADS                                       Date: March 20, 2023

Page 6

As to the first set of documents, the parties dispute whether the Court may take judicial notice of the FSIS sketch approvals for the products at issue.

Plaintiff argues that the Court cannot take judicial notice of the FSIS sketches because the content of FSIS approvals would resolve factual inferences that prove Defendant's affirmative defense of preemption at a premature stage. *See* Request Opp'n at 4–5. Plaintiff relies on the Ninth Circuit's decision in *Khoja*, which stands for the proposition that "it is improper to [accept the truth of matters asserted in incorporated documents] only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1014 (9th Cir. 2018). Defendant contends that *Khoja* is distinguishable because Defendant "does not seek notice of the FSIS approvals for their content, but merely to establish the singular fact that FSIS did indeed receive and review the applications." Request Reply at 4.

The Court agrees with Defendant. The only fact the Court need take notice of is that the labels were approved as reflected in the sketch approvals. *See Cohen*, 16 F.4th at 1290 n. 6 ("On remand, ConAgra may submit its approval evidence to the district court, which may take judicial notice of the evidence (if appropriate) or allow limited discovery only into ConAgra's preempted-by-approval defense."); *see also Direct Action Everywhere v. Diestel Turkey Ranch*, No. RG17847475, 2018 Cal. Super. LEXIS35179, at *3 (Cal. Super. Ct. Apr. 11, 2018) ("[T]he Court does not take judicial notice of the truth of any information contained in those Food Safety and Inspection Service ('FSIS') approvals, but it takes judicial notice that the approvals were granted."); *Thornton v. Tyson Foods, Inc.*, 482 F. Supp. 3d 1147, 1155, 1157 (D.N.M. 2020) (noting that the court "may take judicial notice of FSIS's approval of product labels because they are matters of public record" and taking notice of the "fact that the beef labels have been approved by the USDA").

If FSIS did approve the labels, "then Cohen's claims challenging the labels would be preempted" because "when the agency reviews and approves a label, the agency is deciding that it is not false or misleading under the PPIA, and thus the agency 'imposes' a federal requirement within the meaning § 467e." *Cohen*, 16 F.4th at 1288. Accordingly, the Court GRANTS the Request and hereby takes judicial notice of the FSIS sketches.

As to the images of the product labels, the Court previously took judicial notice of the product labels and does so again here. "In the context of food labels, courts regularly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00637-DOC-ADS            Date: March 20, 2023

Page 7

take judicial notice of product labels when those product labels form the basis of the relevant causes of action." *Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*, No. 18-CV-06664-BLF, 2020 WL 5910071, at *3 (N.D. Cal. Oct. 6, 2020)*; see also *Woodard v. Labrada*, No. 16-cv-189, 2021 U.S. Dist. LEXIS 189649, at *15 n.8 (C.D. Cal. Aug. 31, 2021) (noting courts "routinely" take judicial notice of images of product packaging" in addressing product-labeling claims). Accordingly, the Court GRANTS Defendant's Request as it pertains to images of the product labels.

Finally, Plaintiff "does not oppose the request for judicial notice as to the USDA Policy Book or the website existence." Request Opp'n at 3 n.1. Plaintiff contends, however, that "judicial notice is not necessary because these documents are more akin to legal authority than 'adjudicative facts' of which the Court could take judicial notice." Id. (citing Fed. R. Evid. 201). The Court agrees with Plaintiff and finds it unnecessary to take judicial notice of the USDA Policy Book and website at this time.

### III. Discussion

Defendant argues that Plaintiff's state law claims regarding the "100% Natural" claims on the product labels are subject to dismissal on preemption grounds. Specifically, Defendant contends that Plaintiff's state law claims as to the challenged products are preempted because each of those products has either (1) specifically received sketch review and approval from FSIS; or (2) was permitted to undergo generic approval based on an existing sketch approval from a substantially similar product. Mot. at 7. In support, Defendant submits sketch approvals for the following products:

    i. Banquet Buffalo Style Chicken Breast Tenders-Breaded Chicken Breast Tender Patties With Rib Meat. Exhibit B-1 to Declaration of A. Phillips (Dkt. 48-2);
    ii. Chicken Breast Nuggets - Breaded Chicken Breast Nugget Patties With Rib Meat. Exhibit B-2 to Declaration of A. Phillips (Dkt. 48-2);
    iii. Hot & Spicy Bone In Wings - Breaded Fried Chicken Wing Sections (Blanket Sketch approval). Exhibit B-3 to Declaration of A. Phillips (Dkt. 48-2);
    iv. Banquet Chicken Nuggets - Breaded Chicken Nugget Patties. Exhibit B-4 to Declaration of A. Phillips (Dkt. 48-2);
    v. Original Crispy Fried Chicken - Assorted Pieces (Blanket sketch approval). Exhibit B-4 to Declaration of A. Phillips (Dkt. 48-2); and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 20-00637-DOC-ADS | Date: March 20, 2023 |

Page 8

    vi.    Whole Grain Chicken Breast Strips - Whole Grain Breaded Chicken Breast Patties With Rib Meat. Exhibit B-4 to Declaration of A. Phillips (Dkt. 48-2).

Plaintiff opposes, arguing that the Court should reject Defendant's preemption defense at the pleading stage because (1) resolving disputed factual issues at the motion to dismiss stage is procedurally improper without the benefit of discovery; (2) even if the product labels were reviewed and "approved" by FSIS, that approval has no bearing on whether the labels are misleading; and (3) Defendant has in fact misled the federal government about its products because the chicken with which it fabricates its preservative-laden nuggets does not actually qualify as "100% Natural." Mot. Opp'n at 7.

The Court addresses only Plaintiff's first argument in the context of FSIS approvals. Plaintiff's second and third arguments lack merit and ignore the Ninth Circuit's directive that the Court, on remand, should decide only whether "the evidence shows that ConAgra's label was approved by FSIS." *Cohen*, 16 F.4th at 1290. "If the evidence shows that ConAgra's label was approved by FSIS, then plaintiff's claims are preempted. *Plaintiff may not try to argue or show that FSIS's approval decision was wrong.*" *Id*. (emphasis added).

### A. FSIS Approval

The USDA approves packaging through various methods, including sketch approval and generic approval. See 9 C.F.R. § 412.1. Generically approved labels, as Defendant acknowledges, "can 'bear claims and statements that are defined in FSIS's regulations or the Food Standards and Labeling Policy Book (*except for natural and negative claims*)' and are deemed approved without being submitted for evaluation." Mot. at 24 (emphasis added) (quoting 9 CFR § 412.2(b)). Sketch approval, which applies to any label making a "natural" claim, requires submission to the USDA for approval prior to the label being used in commerce. See id. § 412.1(c). One exception to the sketch approval requirement is that, if a label has been previously sketch approved for a special claim, it can be generically approved after subsequent modifications to the label if the modifications in question do not affect the special claim. *See* 78 Fed. Reg. 66826, 66830 (Nov. 7, 2013). When labels are generically approved, they do not need to be submitted the government because they only use "pre-approved" terms and definitions contained in the USDA's labelling policy book. See id. § 412.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00637-DOC-ADS                    Date: March 20, 2023

Page 9

1. **Sketch Approval**

The images of the product packaging provided by Defendant demonstrate that each of the chicken product labels makes natural claims. As stated above, the Court takes judicial notice of these sketches and is satisfied that product labels with respect to the following six products have been reviewed and approved by FSIS:

i. Banquet Buffalo Style Chicken Breast Tenders-Breaded Chicken Breast Tender Patties With Rib Meat. Exhibit B-1 to Declaration of A. Phillips (Dkt. 48-2);
ii. Chicken Breast Nuggets - Breaded Chicken Breast Nugget Patties With Rib Meat. Exhibit B-2 to Declaration of A. Phillips (Dkt. 48-2);
iii. Hot & Spicy Bone In Wings - Breaded Fried Chicken Wing Sections (Blanket Sketch approval). Exhibit B-3 to Declaration of A. Phillips (Dkt. 48-2);
iv. Banquet Chicken Nuggets - Breaded Chicken Nugget Patties. Exhibit B-4 to Declaration of A. Phillips (Dkt. 48-2);
v. Original Crispy Fried Chicken - Assorted Pieces (Blanket sketch approval). Exhibit B-4 to Declaration of A. Phillips (Dkt. 48-2);
vi. Whole Grain Chicken Breast Strips - Whole Grain Breaded Chicken Breast Patties With Rib Meat. Exhibit B-4 to Declaration of A. Phillips (Dkt. 48-2).

Because Plaintiff's state law claims related to the natural claims related to those products[1] are preempted, Defendant's Motion with respect to the natural claims is hereby GRANTED.

2. **Generic Approval**

The parties dispute whether, despite not having received sketch approval, the remaining thirteen products are subject to FSIS's generic approval pursuant to 9 CFR § 412.2:

---

[1] The sketch approvals for these products also serve as the basis for approving the same product sold in a different container—e.g., Chicken Breast Nuggets sold in a family pack or box, as well as a bag.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00637-DOC-ADS                                                  Date: March 20, 2023

Page 10

1. Chicken Breast Tenders (Box);
2. Chicken Breast Tenders (Bag);
3. Chicken Breast Strips (Bag);
4. Chicken Breast Nuggets (Box);
5. Original Chicken Nugget (Family Pack);
6. Chicken Breast Nugget (Family Pack);
7. Original Chicken Nugget (Box);
8. Original Chicken Patties (Bag);
9. Chicken Breast Patties (Bag);
10. Chicken Breast Patties (Box);
11. Popcorn Chicken (Box);
12. Popcorn Chicken (Bag);
13. Original Chicken Patties (Box).

Defendant contends that these products received FSIS generic approval because: (1) FSIS issued sketch approval for products with labels containing the same representations; (2) modifications to these remaining products involve changes to the remaining products' shapes, so the modifications are unrelated to the special claims already reviewed and approved by FSIS; and (3) FSIS accordingly allows Defendant to extend the prior FSIS approval to these remaining products by generically (internally) approving the remaining products' labels. Mot. at 22 (citing 78 Fed. Reg. 66826, 66830 (Nov. 7, 2013)).

Plaintiff disputes Defendant's interpretation, arguing that Defendant cannot receive sketch approval for one product label and unilaterally decide another product is sufficiently similar so as to be subject to generic approval. Mot. Opp'n at 21. Put differently, Defendant "cannot use sketch approval for the chicken nugget as a gateway to generically approve the labelling on a chicken patty or some other product." Id. at 22.

The Court finds Defendant's evidence fails to establish that the above products have been reviewed and approved by FSIS. Accordingly, Defendant's Motion with respect to the natural claims made on the labels of the above thirteen products is hereby DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00637-DOC-ADS            Date: March 20, 2023

Page 11

### B. Defendant's Other Grounds for Dismissal

In addition to preemption, Defendant argues that Plaintiff's animal husbandry claims are grossly speculative and—based on FSIS's own definition of "natural"—irrelevant to Plaintiff's natural claims. *See* Mot. at 24. Defendant also argues that Plaintiff's claims relating to the website representation that the Chicken Products are made without artificial colors or artificial flavors fail "because Plaintiff has not identified any artificial flavors or colors in the Chicken Products, and therefore has not alleged an actionable misrepresentation." *Id.* In response, Plaintiff contends that "whether this or any other of the non-natural products in Conagra's chicken products constitutes an artificial coloring or flavoring should be the subject of discovery." Mot. Opp'n at 14. The Court agrees.

Because the Court is not satisfied that FSIS reviewed and approved Defendant's natural claims with respect to labels of thirteen of Defendant's products, Plaintiff's state law claims challenging those representations are not preempted by federal law. Accordingly, the Court declines to dismiss those claims absent any evidence that FSIS reviewed and approved Defendant's natural claims with respect to those products.

Defendant's Motion with respect to the animal husbandry claims and website representations is thus DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00637-DOC-ADS                             Date: March 20, 2023

Page 12

## IV. Disposition

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss and Request for Judicial Notice.  Specifically, the Court **GRANTS** the Request with respect to the FSIS sketch approvals and product label images and **DENIES** the Request with respect to the USDA Policy Book and website. The Court **DISMISSES WITH PREJUDICE** Plaintiff's state law claims pertaining to the natural claims made on the following six products: Whole Grain Chicken Breast Strips (Bag); Buffalo-Style Breast Tenders; Hot & Spicy Wings; Chicken Breast Nuggets (Bag); Chicken Breast Nuggets (Box); Original Crispy Fried Chicken (Box). The Court **DENIES** Defendant's Motion as to all other claims.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                         Initials of Deputy Clerk: kdu

CIVIL-GEN