ANGELA SPIVEY (pro hac vice)
ANDREW PHILLIPS (pro hac vice)
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
E-mail:       angela.spivey@alston.com
              andrew.phillips@alston.com

RACHEL E. K. LOWE (SBN 246361)
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
E-mail:       rachel.lowe@alston.com

Attorneys for Defendant
CONAGRA BRANDS, INC.

[Additional Counsel on Signature Page.]

# THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ROBERT COHEN, a consumer, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>CONAGRA BRANDS, INC., a Delaware corporation,<br><br>*Defendant.* | Case No. 8:20-cv-00637<br><br>**JOINT RULE 26(F) REPORT**<br><br>Scheduling Conference Date: May 1, 2023 at 8:30 AM |

Plaintiff Robert Cohen ("Plaintiff"), and Defendant Conagra Brands, Inc. ("Defendant" or "Conagra"), by and through their respective counsel (collectively, "the Parties") submit this Joint Report pursuant to Fed. R. Civ. P. 26(f) in advance of the Scheduling Conference on May 1, 2023 at 8:30 a.m.

**(1) Short Factual Summary of the Case and of Claims and Defenses.**

**Plaintiff:**

Plaintiff purchased Defendant's Chicken Products relying on its advertising stating, "100% NATURAL" and/or made with "NO PRESERVATIVES!," "NO ARTIFICIAL COLORS," and "NO ARTIFICIAL FLAVORS."  Complaint at ¶¶ 1, 9.  However, Conagra's Chicken Products contain synthetic ingredients in direct contradiction to Defendant's advertising.  *Id*., ¶ 4.  Plaintiff alleges that Conagra knows or at least through the exercise of reasonable care should know, that its advertising claims, are materially false and misleading.  *Id*., ¶ 7.  Accordingly, Plaintiff brought an action seeking declaratory and equitable relief as well as damages under California Consumers Legal Remedies Act (CLRA), Cal. Civ. Code §1750, *et seq*., California's Unfair Competition Law (UCL), California Business & Professions Code § 17200, *et seq*., and California's False Advertising Law (FAL), *id.* § 17500, *et seq*.

**Defendant:**

Conagra produces the subject Banquet Brand Chicken Products.  As discussed in Conagra's Motion to Dismiss, each of the challenged labels and label statements were explicitly pre-approved by the United States Department of Agriculture ("USDA") and affirmatively found to not be false or misleading.

Specifically, pursuant to the Poultry Product Inspection Act ("PPIA"), the USDA's Food Safety and Inspection Service ("FSIS") inspected and approved each of the labels and labeling claims challenged by Plaintiff.  The label approval process dictates that "*[n]o final label may be used on any product unless the label has been submitted for approval* to the FSIS Labeling and Program Delivery Staff … *and approved by such staff*…." 9 C.F.R. § 412.1(a). Part of that label approval process requires the FSIS to analyze the product label and consider whether the label, *including any representations thereon*, are "false or misleading in any particular." *See* 21 U.S.C. §§ 451, 457(c)(d). If any portion of the label, including any labeling claims or representations on that label, are believed to be false or misleading, FSIS will "direct that such use be withheld unless the marking, labeling, or container is modified … so that it will not be false or misleading." 21 U.S.C. § 457(d). Once a label receives FSIS approval, the official USDA mark must be used. 9 C.F.R. §§ 381.96, 412.1.

FSIS approval extends to both sketch-approved labels, as the Court found in its Order Granting in Part and Denying in Part Conagra's Motion to Dismiss (Dkt. 72), as well as to labels approved pursuant to the generic approval process.  Indeed, although such generic-approved labels "are not submitted to FSIS for approval, they are deemed to be approved and, therefore, may be applied to product in accordance with the Agency's prior label approval system." 78 Fed. Reg. 66826, 66827 (Nov. 7, 2013).  Moreover, as the Ninth Circuit has explained, because "[p]reviously approved labels containing special claims may be generically approved if the only modification involves changes unrelated to the special claim," Conagra's evidence

of sketch approval for one chicken product would allow generic approval of other products—unless Plaintiff could plausibly allege that there was a misleading modification between the products. *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1289 n.6 (9th Cir. 2021).  Plaintiff has not plausibly alleged that there has been any misleading modification that would preclude Conagra from relying on a previously sketch-approved label for later generic approval, and the evidence shows there has been no such modification.

The PPIA contains an express preemption provision which states that "[m]arking, labeling, packaging, or ingredient requirements … *in addition to, or different than*, those made under this Act [21 USCS §§ 451 et seq.] *may not be imposed by any State* or Territory or the District of Columbia with respect to articles prepared at any official establishment in accordance with the requirements under this Act…." 21 U.S.C. § 467e.   Plaintiff's state law claims for violations of the CLRA, UCL and FAL – premised upon the allegation the challenged claims are false and misleading – attempt to impose requirements that are not "equivalent" or "parallel" to those of the PPIA because – pursuant to Plaintiff's Complaint – Plaintiff asks this Court to:

- Enjoin Conagra from selling the Banquet Products in packaging expressly pre-approved pursuant to the PPIA.

- Order Conagra to engage in a "corrective advertising campaign" addressing product labeling the USDA has affirmatively found is not false or misleading.

- Order Conagra to "reformulate its chicken products" in light of the

challenged claims.

- Order Conagra to pay restitution and monetary damages for product labeling expressly pre-approved by the USDA pursuant to the PPIA.

Accordingly, each of Plaintiff's labeling claims is expressly preempted. *See Cohen*, 16 F.4th 1283, 1289 n.6 (9th Cir. 2021) ("ConAgra's evidence would establish that the challenged statements were reviewed by FSIS and would preempt Cohen's claims.").

Plaintiff's animal-husbandry-based claims fail because they were also reviewed by FSIS and are therefore preempted, and those claims fail for the additional, independent reasons that: (1) FSIS's definition of "natural" does not extend to animal husbandry practices and instead means the product contains no artificial ingredients and only underwent minimal processing; (2) because the 100% natural chicken representation was accompanied by the explanation that "natural" means "minimally processed, no artificial ingredients" (consistent with the FSIS definition), a reasonable consumer would not interpret "natural" to mean anything else; (3) Plaintiff's animal husbandry allegations are generalized and speculative and not specific to Conagra; and (4) Plaintiff has not sufficiently alleged Conagra had knowledge of the alleged animal husbandry practices of third-party suppliers.

Finally, Plaintiffs' claims based on website advertising also fail. First, any representation that was materially identical to a preempted labeling claim – which includes the "natural" claim – is likewise preempted. Second, Plaintiff cannot bring claims based on the "no artificial colors" and "no artificial flavors" portion of the website advertisement, because he never identifies any artificial colors or flavors in

the Chicken Products, and there are none. Third, Plaintiff cannot plausibly plead his own reliance on the website representations, an essential element of each of his claims, given that he purchased Chicken Products for three years in purported reliance on the product labels before even looking at the website. Fourth, Plaintiff cannot show classwide exposure to and reliance on a website that many, if not most or virtually all, putative class members never viewed when purchasing the product at the grocery store.

**(2) Short Synopsis of The Principal Issues in the Case**

**Plaintiff:**

- Whether a reasonable consumer would be misled by Defendant's advertising.

- Whether Defendant's advertising and/or packaging are misleading

- Whether Plaintiff was injured by Defendant's advertising of its Chicken Products as "100% NATURAL" and/or made with "NO PRESERVATIVES!," "NO ARTIFICIAL COLORS," and "NO ARTIFICIAL FLAVORS."

- Whether a class action may be maintained under Federal Rule of Civil Procedure 23;

- Whether Defendant violated California's Consumer Legal Remedies Act;

- Whether Defendant violated California's Unfair Competition Law;

**Defendant:**

- Whether Plaintiff's claims are preempted by the express preemption provision of the PPIA;

- Whether a reasonable consumer would be misled by Conagra's labeling or advertising, which labeling was pre-approved by FSIS;

- Whether Plaintiff has adequately pled Article III standing and injury and/or whether Plaintiff has adequately pled a plausible claim for injunctive relief;
- Whether plaintiff can establish all the requirements for certification of a class action.

### (3) Are Parties Likely to be Added Or the Pleadings Amended?

Plaintiff does not anticipate amending the complaint but he reserves his right to move for leave to file an amended pleading.

Conagra states that Plaintiff has already amended its pleading once as a matter of course. Conagra objects to any further amendment.

### (4) Issues That May Be Determined by Motion

Conagra has a pending motion to certify issue for immediate appeal or, in the alternative, motion for reconsideration with respect to the Court's Order Granting in Part of Denying in Part Conagra's Motion to Dismiss. The Parties also agree that a motion for class certification and motion(s) for summary judgment will be filed prior to any trial in this action. Since this case will probably involve multiple experts on each side, the Parties anticipate expert-related motion practice will be likely. Although the Parties agree to confer in good faith over any future discovery issues to limit the need for discovery related motion practice, the Parties cannot represent such motions will be unnecessary.

### (5) Statement of What Settlement Discussions Have Occurred And What Settlement Procedure is Recommended.

### Plaintiff:

No settlement discussions have occurred to date. Plaintiff is open to mediation before a privately selected mediator. Plaintiff is agreeable to mediation any time after the pending motion to dismiss is decided and believe that mediation should occur no later than after the motion for class certification has been fully briefed.

**Defendant:**

No settlement discussions have occurred to date and Conagra does not believe engaging in mediation or other ADR would be beneficial at this juncture. To the extent ADR is ordered or becomes appropriate, Conagra anticipates that it would prefer to engage in ADR with the assistance of a magistrate judge.

**(6) Proposed Discovery Plan.**

**Plaintiff:**

Plaintiff anticipates serving Requests for Production, Interrogatories and Requests for Admissions regarding, among other things, Defendant's advertising, the ingredients in its chicken products, Defendant's knowledge of those ingredients, and Defendant's sales and revenue data related to the products at issue.  Plaintiff will likely also conduct oral discovery of one or more of Defendant's corporate representatives regarding the same.  Additionally, Plaintiff will be seeking third party discovery from, among other entities, the USDA.  Plaintiff will make its initial disclosures in accordance with Rule 26.

**Defendant:**

Conagra has a pending motion to certify issue for immediate appeal or, in the alternative, motion for reconsideration with respect to the Court's Order Granting in Part of Denying in Part Conagra's Motion to Dismiss.  Conagra believes that discovery in this matter should be stayed pending this Court's ruling on that motion (and disposition of any resulting appeal).  Conagra otherwise anticipates serving interrogatories, requests for production, requests for admission, and taking depositions of the Plaintiff and other witnesses and experts.  Conagra will also make initial disclosures in accordance with Rule 26 and the Court's scheduling order.

**(7) A Statement of Whether Trial Will be by Jury or To the Court.**

Trial will be by jury on all issue so triable.  The parties anticipate a 5 day jury trial.

**(8) A Statement of Any Other Issues Affecting the Case.**

The Parties propose the following schedule, only in the event the Court does not stay discovery pending Conagra's current motion:

| EVENT | DEADLINE |
|---|---|
| Exchange Initial Disclosures | May 17, 2023 |
| Class Certification Opening Brief | March 28, 2024 |
| Class Certification Expert Reports | March 28, 2024 |
| Opposition to Motion for Class Certification | June 28, 2024 |
| Reply in Support of Motion for Class Certification | August 9, 2024 |
| Class Certification Hearing | September 20, 2024 |
| Fact Expert Reports | November 20, 2024 |
| Fact Discovery Cutoff | November 20, 2024 |
| Fact Expert Rebuttal Reports | January 20, 2025 |
| Fact Expert Deposition Cutoff | February 20, 2025 |
| Final Motion Cut-off[1] | April 21, 2025 |
| Pre-Trial Conference | June 2, 2025 |
| Trial | June 24, 2025 |

Dated: April 17, 2023         **GLANCY PRONGAY & MURRAY LLP**

By: _s/ Marc Godino_
Lionel Z. Glancy (SBN 134180)
Marc L. Godino (SBN 182689)
Danielle L. Manning (SBN 313272)
1925 Century Park East, Suite 2100
Los Angeles, California 90067

---

[1] While this date establishes a "Final Motion Cut-off," the parties reserve the right to file motions – including earlier motions for summary judgment or other dispositive motions – at any time permitted by the Federal Rules of Civil Procedure and the Rules of the Court.

Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

**HAEGGQUIST & ECK, LLP**
Alreen Haeggquist (SBN 221858)
Kathleen Herkenhoff (SBN 168562)
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: (619) 342-8000
Email: Kathleenh@haelaw.com

**ELSNER LAW & POLICY, LLC**
Gretchen Elsner (*Pro Hac Vice*)
314 South Guadalupe Street
Santa Fe, NM 87501
Telephone: (505) 303-0980
Email: gretchen@elsnerlaw.org


**ALSTON & BIRD LLP**

By: _s/ Angela Spivey_
ANGELA SPIVEY (*pro hac vice*)
ANDREW PHILLIPS (*pro hac vice*)
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
E-mail: angela.spivey@alston.com
        andrew.phillips@alston.com

RACHEL E. K. LOWE (SBN 246361)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
E-mail: rachel.lowe@alston.com

Attorneys for Defendant
**CONAGRA BRANDS, INC.**

9