GLANCY PRONGAY & MURRAY LLP
Marc L. Godino (182689)
1925 Century Park, East Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: mgodino@glancylaw.com
Email: info@glancylaw.com

*Attorneys for Plaintiff and the Proposed Class*

[Additional Counsel Appear on Signature Page.]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| ROBERT COHEN, a consumer, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONAGRA BRANDS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 8:20-cv-00637-DOC-ADS<br><br>CLASS ACTION<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT CONAGRA BRANDS, INC.'S MOTION REQUESTING CERTIFICATION OF ISSUE FOR IMMEDIATE APPEAL OR, IN THE ALTERNATIVE, FOR RECONSIDERATION**<br><br>Judge: Honorable David O. Carter<br>Courtroom: 10A<br>Date:  May 1, 2023<br>Time: 8:30 a.m.<br><br>Complaint filed: April 1, 2020<br>Trial Date: None Set |

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    LEGAL STANDARD ........................................................................................ 3

       A.     Interlocutory Appeals ......................................................................... 3

       B.     Request for Stay................................................................................... 5

       C.     Motion for Reconsideration ................................................................ 5

III.   ARGUMENT ..................................................................................................... 6

       A.     Defendant has not Met the Standard for an Interlocutory Appeal .......... 6

              1.     Conagra's Motion does not Raise a Controlling Question of
                     Law .......................................................................................... 7

              2.     The Court's Order does not Involve a Substantial Ground
                     for Difference of Opinion .......................................................... 10

              3.     An Immediate Appeal would not Materially Advance the
                     Ultimate Termination of the Litigation .................................... 12

       B.     The Court should not Stay Discovery................................................. 14

       C.     Defendant's Motion for Reconsideration should be Denied ............... 14

IV.    CONCLUSION................................................................................................. 16

PLTF'S Opposition to Def's Motion
Requesting Certification for Immediate Appeal or Reconsideration

# TABLE OF AUTHORITIES

## <u>CASES</u>

*Ahrenholz v. Bd. of Trs.*,
219 F.3d 674 (7th Cir. 2000) ................................................................. 8

*Alberto Lara Chavez v. United States of America*,
No. CV 19-31-DMG (JEMx) 2022 WL 18142533 (C.D. Cal. Oct. 21, 2022) ...... 14

*Aldapa v. Fowler Packing Co. Inc.*,
No. 1:15-cv-00420-DAD-SAB, 2016 WL 8731316 (E.D. Cal. Aug. 26, 2016) ..... 9

*Allen v. Conagra Foods, Inc.*,
No. 13-CV-01279-JST, 2013 WL 6000456 (N.D. Cal. Nov. 12, 2013) ................. 9

*Ambrosio v. Cogent Commc'ns, Inc.*,
No. 14-CV-02182-RS, 2016 WL 777775 (N.D. Cal. Feb. 29, 2016) .......... 8, 10, 12

*Avendano-Ruiz v. City of Sebastopol*,
No. 15-CV-03371-RS, 2016 WL 3476098 (N.D. Cal. June 27, 2016) ................. 12

*Bowen v. Georgetown University Hosp.*,
488 U.S. 204 (1988) .............................................................................. 15

*Brizzee v. Fred Meyer Stores, Inc.*,
No. CV 04-1566-ST, 2008 WL 426510 (D. Or. Feb. 13, 2008) ........................... 7

*Brown v. United States*,
No. CV 09-8168 ABC, 2011 WL 333380 (C.D. Cal. Jan. 31, 2011) .................... 14

*Chiron Corp. v. Abbott Labs.*,
No. C-93-4380 MHP, 1996 WL 15758 (N.D. Cal. Jan. 3, 1996) ........................... 4

*Cohen v. ConAgra Brands, Inc.*,
16 F.4th 1283 (9th Cir. 2021) ......................................................... *passim*

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978) ........................................................................... 3, 7

*Couch v. Telescope Inc.*,
   611 F.3d 629 (9th Cir. 2010) ........................................................................4, 7, 10

*Cunha v. Hansen Nat. Corp.*,
   No. EDCV 08-1249-GW(JCx), 2012 WL 12886194 (C.D. Cal. Oct. 22, 2012)...12

*Dukes v. Wal-Mart Stores, Inc.*,
   No. C 01-02252 CRB, 2012 WL 6115536 (N.D. Cal. Dec. 10, 2012) .................12

*F.T.C. v. Swish Mktg.*,
   No. C 09-03814 RS, 2010 WL 1526483 (N.D. Cal. Apr. 14, 2010) ..............10, 13

*Firestone Tire & Rubber Co. v. Risjord*,
   449 U.S. 368 (1981)..........................................................................................6

*Hilton v. Braunskill*,
   481 U.S. 770 (1987)..........................................................................................5

*In re Ambac Fin. Grp., Inc. Sec. Litig.*,
   693 F. Supp. 2d 241 (S.D.N.Y. 2010) ...................................................... 10

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1982) ....................................................................6, 7, 8

*In re Facebook, Inc., IPO Sec. and Deriv. Litig.*,
   986 F. Supp. 2d 524 (S.D.N.Y. 2014) ........................................................4

*In re LDK Solar Sec. Litig.*,
   584 F. Supp. 2d 1230 (N.D. Cal. 2008) ......................................................4

*In re Oxford Health Plans, Inc.*,
   182 F.R.D. 51 (S.D.N.Y. 1998) .................................................................4

*James v. Price Stern Sloan, Inc.*,
   283 F.3d 1064 (9th Cir. 2002) ...................................................................7

*Kreek v. Wells Fargo & Co.*, No. C,
   No. C 08-1830, 2011 WL 996780 (N.D. Cal. Mar. 21, 2011).......................11, 13

*Lillehagen v. Alorica, Inc.*,
   No. SACV 13-0092-DOC, 2014 WL 2009031 (C.D. Cal. May 15, 2014) ..........13

iii

*Lisker v. City of L.A.*,
  No. 2:09-cv-09374-ODW (AJWx),
  2014 WL 293463 (C.D. Cal. Jan. 27, 2014) .........................................................11

*Lovett v. Omni Hotels Mgmt. Corp.*,
  No. 14-CV-02844-RS, 2016 WL 7732622 (N.D. Cal. Apr. 18, 2016).............7, 10

*Nken v. Holder*,
  556 U.S. 418 (2009)................................................................................................5

*Richardson-Merrell, Inc. v. Koller*,
  472 U.S. 424 (1985)................................................................................................6

*Rieve v. Coventry Health Care Inc.*,
  870 F. Supp. 2d 856 (C.D. Cal. Aug. 6, 2012) ....................................................4, 7

*SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.*,
  859 F.3d 720 (9th Cir. 2017) ..................................................................................6

*United States v. Amsurg Corp.*,
  No. 2:12-cv-02218-TLN-CKD, 2016 WL 304567 (E.D. Cal. Jan. 26, 2016).......11

## STATUTES

28 U.S.C. § 1292(b) ...........................................................................................*passim*

## RULES

Fed. R. of Civ. P. 60(b) ............................................................................................5

## OTHER AUTHORITIES

3 Federal Procedure, Lawyers Edition § 3:212 (2010) .............................................10

## I.    INTRODUCTION

Plaintiff Robert Cohen's consumer protection claims are ready to proceed to discovery, not another appeal.

This Court granted in part and denied in part Conagra's motion to dismiss on March 20, 2023 (ECF No. 72). Conagra answered the First Amended Complaint, and the parties filed their Rule 26(f) Report (ECF No. 78). It is time for discovery.

Dissatisfied with the Court's ruling allowing Cohen's claims to proceed to discovery, even after the Court waded through a voluminous request for judicial notice, Conagra filed a Motion Requesting Certification of Issue for Immediate Appeal Or, In the Alternative, for Reconsideration (the "Motion," ECF No. 73). The Court should deny the Motion because it does not meet the standard for certification of an immediate appeal, does not meet the standard for a stay, does not meet the standard for reconsideration, and because the parties need to develop a factual record on which a court can base its decisions. After a motion to dismiss, an appeal, and another motion to dismiss, nothing further needs to be decided until the facts are known. Conagra simply wishes to further delay resolution of Plaintiff's consumer protection claims that were filed in April 2020 – more than three years ago (ECF No. 1).

Conagra is trying to shut the courthouse door to Plaintiff holding Conagra accountable for misleading meat labels by arguing, again, for the most expansive application possible of federal preemption. Conagra is arguing, again, that labels never submitted for review are somehow preempted. This argument should be rejected, again. At the same time Conagra is urging against fulsome judicial review of its false labels, federal lawmakers have spoken as to why more oversight and consumer protection is needed. The facts demonstrate that misleading meat labels are in commerce and are not entitled to preemption. On March 30, 2023, four U.S. Senators wrote to the USDA's Food Safety and Inspection Service (FSIS), cited the

same USDA Office of Inspector General investigation Cohen previously cited to this Court exactly one year before (ECF No. 43, FAC ¶ 50[1]) and cited the public interest organization report on misleading labels that Cohen cited to this Court (FAC ¶ 51). Cohen's Complaint alleged that Conagra failed to substantiate its food labeling claims. FAC ¶¶ 68-69. A year later, echoing the problem, the Senators asked the agency to "explain how a company is required to substantiate claims in their application."[2] Plaintiff's case, on behalf of himself and all others similarly situated, should proceed to discovery to answer these questions with actual facts.

Conagra's misrepresentations fit squarely into USDA's admission that misleading labels are in commerce because Conagra promises "100% NATURAL" and "NO PRESERVATIVES" when Conagra's own ingredient list contains unnatural, synthetic preservatives. FAC ¶ 48. The heart of Conagra's motion for interlocutory appeal is that even though it did not submit all product labels to the USDA, does not claim that the USDA reviewed or approved certain labels, has no

_____

[1] FAC ¶ 50 states, "The very government regulator who is supposed to be guarding the hen house has indicated that labels such a Conagra's are not trustworthy. The U.S. Department of Agriculture (USDA), Office of Inspector General (OIG) investigated its label review process and concluded that inaccurate labels are in commerce. The June 2020 report, titled *Controls Over Meat, Poultry, and Egg Product Labels*, indicated how unreliable these meat and poultry labels are, even if USDA has approved them: 'As a result, meat, poultry, and egg product labels may reflect inaccurate statements and claims made by establishments. Additionally, there is reduced assurance that establishments' generic labels meet requirements. Based on our sample results, we estimated that approximately 2,038 (15.00 percent) of the approved required labels and 161 (18.34 percent) of the approved generic labels may have one or more exceptions.'"

[2] Press release, *Blumenthal, Booker, Warren & Whitehouse Call on USDA to Address Misleading Meat Labels*, available at https://www.blumenthal.senate.gov/newsroom/press/release/blumenthal-booker-warren-and-whitehouse-call-on-usda-to-address-misleading-meat-labels. The Senator's website provides a link to their March 30, 2023 letter to the USDA.

evidence of approval despite ample opportunity to do so, and ***actually did make false and misleading representations,*** that Conagra should still be entitled to preemption on all labels as if there was meaningful review and an affirmative decision made on whether the representations are false and misleading. The Ninth Circuit rejected that position. As the appellate panel held, "when the parties dispute whether FSIS review occurred at all, the defendant must produce evidence that the label was reviewed and approved by FSIS." *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1289 (9th Cir. 2021). This Court simply applied that to the documents Conagra presented. ECF No. 72 at 10.

Conagra's motion for interlocutory appeal is deficient as to each of the three factors under 28 U.S.C. § 1292(b), which must all be satisfied for this Court to certify a question. One, there is not any unanswered question of law that controls the outcome. Two, Conagra does not show that there is a substantial ground for difference of opinion on a question law. Three, the allegedly controlling question, even if resolved in Conagra's favor, would not materially advance the litigation because Cohen's internet-based claims, at the very least, are going forward.

In addition, Conagra fails to meet the standard for reconsideration of the Court's Order. Conagra concedes that the purportedly new material on which it relies was extant in January 2023, prior to the Court's Order. As such, it may not be relied upon. Further, the new material does not provide any grounds for the Court to reconsider its Order.

## II.    LEGAL STANDARD

### A.    Interlocutory Appeals

Interlocutory appeals are reserved for "exceptional" cases. This case does not qualify. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978). Conagra makes no argument that defending its false and misleading representations in a fairly run-of-the-mill consumer protection action is "exceptional" in any way. Conagra simply

requests another bite at the apple by seeking certification for permission to pursue an interlocutory appeal. Certification has a three-part legal standard and "is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *Rieve v. Coventry Health Care Inc.*, 870 F. Supp. 2d 856, 878 (C.D. Cal. Aug. 6, 2012) (Carter, J., denying interlocutory appeal).

Regardless of their "'strong disagreement with the Court's ruling'" or contention that "'settled law might be applied differently,'" these are insufficient grounds for certification under 28 U.S.C. § 1292(b). *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Indeed, "every decision by a judge in an adversarial proceeding results in at least one party convinced that the court got it wrong; if such disagreement were sufficient under section 1292(b), every judgment would give rise to an interlocutory appeal." *Chiron Corp. v. Abbott Labs.*, No. C-93-4380 MHP, 1996 WL 15758, at *2 (N.D. Cal. Jan. 3, 1996); *see also In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998) ("The District Court should not lose credibility with the Court of Appeals by certifying interlocutory appeals simply to accommodate requests of counsel who are dissatisfied with or inconvenienced by a ruling made by the District Court, or to entice the Court of Appeals to provide more grist for the law reviews.").

Regardless of whether Conagra seeks interlocutory review or reconsideration of an issue that both the Ninth Circuit and this Court have addressed, their "rehash of old arguments" is not well taken. *See In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1260 (N.D. Cal. 2008); *see also In re Facebook, Inc., IPO Sec. and Deriv. Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) ("[I]nterlocutory appeal is not intended as a 'second bite at the apple' that allows the moving party to reargue issues that the court has already addressed and rejected[.]").

### B.   Request for Stay

A stay is "not a matter of right" but "an exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks and citations omitted). Courts consider the following factors when deciding a motion to stay: (1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether the issuance of a stay will substantially injure the other person interested in the proceeding, and (4) where the public interest lies. *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The party seeking a stay must make a compelling showing supporting his reasons.

### C.   Motion for Reconsideration

"Federal Rule of Civil Procedure 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *U.S. Commodity Futures Trading Comm'n v. America Bullion Exch. ABEX, Corp.* (C.D. Cal. 2011) (J. Carter, denying reconsideration).

Local Rule 7-18 also limits reconsideration:

A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for

1  reconsideration may in any manner repeat any oral or written argument
2  made in support of, or in opposition to, the original motion.

3  **III.  ARGUMENT**

4  **A.  Defendant has not Met the Standard for an Interlocutory Appeal**

5  Pursuant to the "final judgment rule," "a party must ordinarily raise all claims
6  of error in a single appeal following final judgment on the merits." *Firestone Tire &*
7  *Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981); *see also In re Cement Antitrust*
8  *Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982) (holding that, as a general rule, a party
9  may seek review of a district court's order only after entry of final judgment). As the
10  Supreme Court explained:

11  [T]he final judgment rule promotes efficient judicial administration
12  while at the same time emphasizing the deference appellate courts owe
13  to the district judge's decisions on the many questions of law and fact
14  that arise before judgment. Immediate review of every trial court ruling,
15  while permitting more prompt correction of erroneous decisions, would
16  impose unreasonable disruption, delay, and expense. It would also
17  undermine the ability of district judges to supervise litigation. In § 1291
18  Congress has expressed a preference that some erroneous trial court
19  rulings go uncorrected until the appeal of a final judgment, rather than
20  having litigation punctuated by "piecemeal appellate review of trial
21  court decisions which do not terminate the litigation."

22  *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430 (1985); *see also SolarCity*
23  *Corp. v. Salt River Project Agric. Improvement & Power Dist.*, 859 F.3d 720, 723
24  (9th Cir. 2017) ("If non-final decisions were generally appealable, cases could be
25  interrupted and trials postponed indefinitely as enterprising appellants bounced
26  matters between the district and appellate courts.").

27
28

Only under "exceptional circumstances" may courts deviate from this general rule and certify non-final orders for review pursuant to 28 U.S.C. § 1292(b). *Coopers & Lybrand*, 437 U.S. at 474. Congress has "carefully confined the availability of such review," *id.*, and the Ninth Circuit recognizes the "congressional directive" that Section 1292(b) "be applied sparingly and only in exceptional cases." *In re Cement*, 673 F.2d at 1027. The requirements for certifying an order are: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* at 1026. The district court must "expressly find in writing that all three § 1292(b) requirements are met." *Couch*, 611 F.3d at 633. The moving party bears the burden to establish all three factors. *Id.*

"Because certification 'is a departure from the normal rule' these conditions 'must be construed narrowly.'" *Lovett v. Omni Hotels Mgmt. Corp.*, No. 14-CV-02844-RS, 2016 WL 7732622, at *1 (N.D. Cal. Apr. 18, 2016) (Seeborg, J.) (quoting *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002)). Even if a movant has satisfied all three requirements of Section 1292(b), the district court still has the "unfettered discretion to deny certification." *Id.* (quoting *Brizzee v. Fred Meyer Stores, Inc.*, No. CV 04-1566-ST, 2008 WL 426510, at *3 (D. Or. Feb. 13, 2008)).

### 1.  Conagra's Motion does not Raise a Controlling Question of Law

A question is controlling if "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Cement*, 673 F.2d at 1026; see also *Rieve v. Coventry Health Care Inc.* (C.D. Cal. 2012) (Carter, J.) (quoting *In re Cement* at 1026). The Ninth Circuit has "illustrated the dimensions of a controlling question by pointing to a few examples, including such 'fundamental' inquiries as 'who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be

applied.'" *Ambrosio v. Cogent Commc'ns, Inc.*, No. 14-CV-02182-RS, 2016 WL 777775, at *3 (N.D. Cal. Feb. 29, 2016) (Seeborg, J.) (quoting *In re Cement*, 673 F.2d at 1026-27).

The proposed question in Conagra's Motion is "Whether a label may be generically approved based on a sketch approval for a prior version of that product, where there have been no modifications related to the sketch-approved special claims?" Mot. at 7. This is not a controlling question of law for purposes of Section 1292(b) and instead requires a factual investigation to answer: which purportedly generically approved labels? Based on which sketch approvals? Which prior versions? What constitutes the same product? How do we know which special claims were approved if there is not any substantiation provided as required? What constitutes an unrelated modification? The 20 items identified in Cohen's FAC ¶ 17 are exemplars and not an exhaustive product list. As Conagra concedes, a pure legal question is one "free from a factual contest" and is something "the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 677 (7th Cir. 2000). This Court well knows from sorting through Conagra's voluminous request for judicial notice (ECF No. 48-27), opposed by Cohen (ECF No. 52), that these questions are a fact-intensive inquiry requiring hours reading fine print. Conagra already submitted a declaration from counsel (ECF No. 48-2) and numerous large exhibits with many redactions, docketed as ECF No. 48-3 through 48-26. After relying on its own self-selected record of heavily redacted documents narrated only by its own lawyer, Conagra then sought to file unredacted documents under seal with the reply brief (ECF No. 55). Cohen objected to new evidence submitted with the reply (ECF No. 62) and filed a sur-reply (ECF 63). This Court's decision does not address Conagra's additional submissions and Cohen's analysis of it, but even without a decision on that, Conagra cannot with a straight face contend the pending issues are legal questions "free from factual contest" that could

1    be resolved "without having to study the record." While Conagra claims, "This is not

2    a situation where the Ninth Circuit must hunt through a voluminous *factual* record,"

3    Mot. at 14, that is exactly the situation Conagra has created by submitting so many

4    disputed documents to the Court and seeking a judicial ruling on its selected

5    documents without Cohen having a chance to seek other documents, depose

6    witnesses, or propound interrogatories. Conagra's proposed question for certification,

7    even if considered a legal question, is premised on disputed facts that must be

8    developed in discovery. As such, there is not any purely legal and controlling question

9    of law ripe for an interlocutory appeal.

10       Defendant identified no controlling questions of law but simply disagrees with

11   the Court's analysis that Conagra's "evidence fails to establish that the above products

12   have been reviewed and approved by FSIS." Order at 10. *See Aldapa v. Fowler*

13   *Packing Co. Inc.*, No. 1:15-cv-00420-DAD-SAB, 2016 WL 8731316, at *2 (E.D. Cal.

14   Aug. 26, 2016) (stating that "defendants do not seek review of a pure question of law

15   here," but rather "believe the undersigned applied the law incorrectly"). In *Allen v.*

16   *Conagra Foods, Inc.*, No. 13-CV-01279-JST, 2013 WL 6000456, at *2 (N.D. Cal.

17   Nov. 12, 2013), the trial court rejected Conagra's Section 1292(b) motion as "not

18   fairly characteriz[ing] the record" and "an attempt to reargue its unsuccessful motion

19   to dismiss." In *Allen*, like here, Conagra also disagreed with the trial court on

20   preemption. In that earlier Conagra case, the trial court stated, "it is clear ConAgra

21   seeks to appeal the Court's application of the relevant federal regulations to the facts

22   alleged by Plaintiff. Thus, under the authorities just cited, the issue is not one of 'pure'

23   law and is not appropriate for interlocutory review." *Id.* at *9.

24       Conagra's dissatisfaction with this Court's application of the Ninth Circuit

25   ruling does not involve a controlling question of law. First, it is not a fundamental

26   inquiry such as "'who are necessary and proper parties, whether a court to which a

27   cause has been transferred has jurisdiction, or whether state or federal law should be

28

applied.'" *Ambrosio*, 2016 WL 777775, at *3. Second, applying the Ninth Circuit decision to Conagra's voluminous request for judicial notice is a mixed question of law and fact, rendering it inappropriate for interlocutory review. *See In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 285 (S.D.N.Y. 2010); *Lovett*, 2016 WL 7732622, at *2. And third, Defendant ignores that the Court might resolve this dispute at the class certification stage or summary judgment stage when the parties have conducted discovery, and, therefore, "interlocutory appeal threatens to impose – not avoid – delay" of the resolution. *See F.T.C. v. Swish Mktg.*, No. C 09-03814 RS, 2010 WL 1526483, at *2 (N.D. Cal. Apr. 14, 2010) (Seeborg, J.).

### 2. The Court's Order does not Involve a Substantial Ground for Difference of Opinion

"A party's disagreement – no matter how strongly held – with a court's ruling is not sufficient by itself to establish a substantial ground for difference of opinion as contemplated by Section 1292(b)." *Swish Mktg.*, 2010 WL 1526483, at *2. As the Ninth Circuit explained:

> Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal."

*Couch*, 611 F.3d at 633 (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)).

Defendant points to no substantial difference of opinion regarding the Court's order that "evidence fails to establish that the above products have been reviewed and

approved by FSIS," ECF No. 72, Order at 10, for labels that Conagra concedes it did not submit to USDA for approval and therefore have no claim to preemption. That is simply a factual finding, not a circuit split. Conagra's disagreement with the Court's application of the Ninth Circuit ruling in this case, vigorous as it may be, does not establish "substantial grounds for differences of opinion" to warrant interlocutory appeal. Further, the Court rejected Conagra's other grounds for dismissal, agreeing with Cohen that the other issues "should be the subject of discovery." Order at 11. Proceeding to discovery is consistent with the Ninth Circuit's statement that this Court can allow Cohen discovery into Conagra's "preempted-by-approval defense," which has not yet happened. 16 F. 4th 1283, fn 6.

Conagra complains that this Court erred "by failing to find that the challenged products that underwent generic approval had been 'reviewed and approved by FSIS.'" Mot. at 20 citing Order at 10. But that is precisely where this Court got it right because "generic" approval only means that Conagra rubberstamped its own misleading label and is therefore not entitled to preemption as if a government agency reviewed and approved it.

Ultimately, Conagra has "pointed to no authorities that would suggest there is a substantial ground for difference of opinion." *Kreek v. Wells Fargo & Co.*, No. C 08-1830, 2011 WL 996780, at *3 (N.D. Cal. Mar. 21, 2011) (Seeborg, J.). At bottom, "Defendants do not point to any difference of opinion on this issue, except their own dislike of the Court's application of the facts of this case to the established law." *United States v. Amsurg Corp.*, No. 2:12-cv-02218-TLN-CKD, 2016 WL 304567, at *8 (E.D. Cal. Jan. 26, 2016); *Lisker v. City of L.A.*, No. 2:09-cv-09374-ODW (AJWx), 2014 WL 293463, at *3 (C.D. Cal. Jan. 27, 2014) ("If this Court were to find a substantial ground for disagreement merely because the parties disagree as to how the established law should be construed, an interlocutory appeal would become the rule rather than the exception."). This case has already been to the Ninth Circuit once

before, and the panel said, "we find that the mere existence of the label is insufficient to establish that it was reviewed and approved by FSIS." 16 F.4th at 1289. Conagra's request that this Court certify a question that the Ninth Circuit has already addressed is "nothing more than improperly rehash[ing] old arguments." *Avendano-Ruiz v. City of Sebastopol*, No. 15-CV-03371-RS, 2016 WL 3476098, at *1 (N.D. Cal. June 27, 2016) (Seeborg, J.).

### 3. An Immediate Appeal would not Materially Advance the Ultimate Termination of the Litigation

"An interlocutory appeal materially advances the termination of the litigation where it 'promises to advance the time for trial or to shorten the time required for trial.' Conversely, 'immediate appeal may be inappropriate where there is a good prospect that the certified question may be mooted by further proceedings.'" *Ambrosio*, 2016 WL 777775, at *3 (quoting *Dukes v. Wal-Mart Stores, Inc.*, No. C 01-02252 CRB, 2012 WL 6115536, at *5 (N.D. Cal. Dec. 10, 2012)). "Interlocutory appeals are very time consuming" and, therefore, "[c]ertification will not be granted when a movant conclusorily asserts that a favorable appeal will terminate the case." *Cunha v. Hansen Nat. Corp.*, No. EDCV 08-1249-GW(JCx), 2012 WL 12886194, at *24 (C.D. Cal. Oct. 22, 2012).

Conagra concedes that, even if its question presented were certified for appellate review, and if its question were answered favorably for Conagra, that appellate decision would not dispose of the case because Cohen's claims regarding Conagra's internet based misrepresentations would remain. Given that Plaintiff is still entitled to discovery on those misrepresentations for its consumer protection claims, Conagra's argument that an interlocutory appeal would materially advance the termination of the litigation seems conclusory at best.

An immediate appeal would not materially advance the ultimate termination of this litigation because the likely outcome of a successful appeal would be to remand the case back to this Court to proceed with discovery and make findings based on the

discovery record. *See Kreek*, 2011 WL 996780, at *2 (stating that "it is probable that the [Ninth Circuit] would not be inclined to make that determination in the absence of an initial ruling by the district court"). Thus, it is far from clear "whether the total burdens of litigation on parties and the judicial system would be lessened by [interlocutory review]." *Lillehagen v. Alorica, Inc.*, No. SACV 13-0092-DOC, 2014 WL 2009031, at *7 (C.D. Cal. May 15, 2014) (Carter, J.). "Where the issue of relative efficiency is a toss-up, [there is] no value in encouraging parties to litigate requests for interlocutory appeal when [class certification] may well, as a practical matter, lead to the same result." *Id.*; *see also Swish Mktg.*, 2010 WL 1526483, at *4 (stating that "it is still theoretically possible to resolve the matter at the liability phase without ever reaching the remedy," and thus "granting Swish's plea for immediate, interlocutory review would seem to carry with it a greater risk for delay than its promise for ultimate savings of both time and resources").

Nothing about Conagra's motion requesting an immediate appeal would end or even streamline the litigation. Plaintiff Cohen challenged both Conagra's false and misleading product labels and its false and misleading advertising, such as the newspaper circulars he viewed over a decade and the website. FAC ¶ 33 et. seq.; "ConAgra's website representations, however, were not reviewed by FSIS." 16 F.4th at 1290. "A website representation is not a label." *Id.* The pending motion for interlocutory appeal addresses only certain product labels, not the entirety of Cohen's challenge to Conagra's misrepresentations. Even if Conagra's proposed question were resolved in its favor, the litigation would continue to the false and misleading website representations. In addition to the newspaper circular and website representations, the limited and one-sided set of documents that Conagra submitted to this Court does not address every product or label that is part of the case. Cohen's complaint listed approximately 20 exemplar products at FAC ¶ 17, which seems to be the focus of Conagra's previous request for judicial notice. This does not address products Cohen

identified as part of his purchases, such as: Classic Chicken Strips, Banquet Sweet and Sour Chicken, Banquet Spaghetti and Chicken Nuggets, Classic Dinners, Mega Meals and Meals, and Breaded Chicken Patties. FAC ¶¶ 76, 78. Discovery – which is what is next for this case – may reveal other product labels never submitted for approval or reviewed by USDA.

**B.   The Court should not Stay Discovery**

Even if the Court grants Defendant's motion to certify the issues for interlocutory appeal, it should deny Defendant's motion to stay discovery.  The Court sustained Plaintiff's claims concerning false and misleading natural claims on Conagra's website and claims concerning animal husbandry, which are not affected by the Motion. (Order at 11.) As such, Plaintiff will necessarily be entitled to discovery into matters that overlap with the claims Defendant seeks to certify for review, including but not limited to whether Defendant's chicken products have non-natural ingredients. The discovery will be relevant to the surviving claims even if Defendant is successful in its appeal.  This action has been pending for three years, and it is time for the parties to proceed to discovery.

**C.   Defendant's Motion for Reconsideration should be Denied**

Motions for reconsideration "are disfavored and rarely granted." *Alberto Lara Chavez v. United States of America*, No. CV 19-31-DMG (JEMx) 2022 WL 18142533, at *1 (C.D. Cal. Oct. 21, 2022) (citing *Brown v. United States*, No. CV 09-8168 ABC, 2011 WL 333380, at*2 (C.D. Cal. Jan. 31, 2011).  The Motion is not one of those rare cases.

First, Defendant's attempted reliance on the January 2023 FSIS Guideline runs afoul of Local Rule 7-18. The rule permits motions to reconsider based upon a material difference in the law that "could not have been known to the party . . . *at the time the Order was entered*."  Loc. R. 7-18 (emphasis added).  The updated FSIS Guideline was issued in January 2023, two months prior to the Court's Order.

1   Although Conagra clearly has a team of lawyers advising on federal labeling laws and
2   regulations, it concedes that it did not identify the updated guideline until it began
3   researching for this current motion. Motion at 18 n.7. Had Conagra exercised
4   reasonable diligence, it could have identified the updated FSIS Guideline in a timely
5   fashion.

6       More important, the new language in the FSIS Guideline does not require the
7   Court to change its prior order. The FSIS Guideline itself states that it merely provides
8   "FSIS's *current thinking* on its labeling regulations." Motion Ex. A at 5 (emphasis
9   added). It does not purport to establish binding rules of interpretation. Nor does
10  anything in the updated FSIS Guideline require retroactive effect of its modifications.
11  *See, e.g., Bowen v. Georgetown University Hosp.*, 488 U.S. 204, 472 (1988)
12  (congressional enactments and administrative rules will not be construed to have
13  retroactive effect unless their language requires this result."). Thus, FSIS's new
14  interpretation would not be relevant to Plaintiff's claims, which concern labels
15  published between 2015 and 2018. Indeed, the change to the FSIS Guideline
16  highlights the fact that the language on which Defendant relies was not included
17  during the relevant period.

18      Finally, based on the FSIS Guideline, Defendant argues that changes to
19  language with approved special statements do not need to be submitted for approval
20  if the change is to "the form of the product (e.g., changing from link sausage to bulk
21  sausage or changing from sausage patties to sausage links)." Motion Ex. A at 22.  But
22  the Court found that Conagra's labels were not merely a change in the form of a single
23  product, but, that Conagra obtained "sketch approval for one product label and
24  unilaterally decide[d] another product is sufficiently similar so as to be subject to
25  generic approval." Order at 10. The new FSIS Guideline does not provide that sketch
26  approval for one product may be utilized for a separate product simply because the
27  producer deems the products sufficiently similar.

28

Defendant's other argument in favor of reconsideration – that it seeks "clarification" of the Court's order – is clearly an impermissible attempt to relitigate the Motion. The Ninth Circuit stated that Plaintiffs must allege a "misleading modification" only if Defendant first establishes that all of its labels have, in fact, been approved. *Cohen v. Conagra Brands, Inc.*, 16 F.4th 1283, 1289 n.6 (9th 2021). Here, the Court correctly found that Conagra failed to obtain approval of all of the labels at issue. This finding need not be relitigated.

## IV.    CONCLUSION

Because Conagra's Motion fails to satisfy *any* of the requirements for certifying a question for interlocutory review pursuant to Section 1292(b) let alone all three as required, it should be denied in its entirety. A stay is not merited for a case that has been pending for over three years and is just now commencing discovery. The Court's ruling does not need to be reconsidered because Conagra's argument is not based on anything new. Furthermore, the Ninth Circuit has already reviewed this case, remanded to the district court, suggested discovery, and denied rehearing on additional legal issues. The Ninth Circuit stated that "the parties" – not just Conagra – "should submit evidence about ... whether Conagra's label[s] was reviewed and approved..." 16 F.4th at 1290. During discovery, Cohen will have his opportunity to obtain evidence to refute Conagra's "preempted-by-approval defense." 16 F.4th at 1292, n. 6. A second trip to the Ninth Circuit before the discovery can be developed and this Court can issue a ruling based on a developed evidentiary record is not warranted.

1

2   Dated:  April 17, 2023

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:        */s/ Marc L. Godino*
                MARC L. GODINO

MARC L. GODINO (182689)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
lglancy@glancy.com
mgodino@glancy.com
info@glancylaw.com

**GLANCY PRONGAY & MURRAY LLP**
DAVID J. STONE (208961)
230 Park Avenue, Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
dstone@glancy.com

**HAEGGQUIST & ECK, LLP**
AMBER ECK (177882)
AARON OLSEN (259923)
225 Broadway, Suite 2050
San Diego, CA  92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878
alreenh@haelaw.com
ianp@haelaw.com

PLTF'S Opposition to Def's Motion
Requesting Certification for Immediate Appeal or Reconsideration

**ELSNER LAW & POLICY LLC**
GRETCHEN ELSNER *(Pro Hac Vice)*
314 South Guadalupe Street, Suite 123
Sante Fe, NM 87501
Telephone: (505) 303-0980
gretchen@elsnerlaw.org

*Attorneys for Plaintiff Robert Cohen and the Proposed Class*

## <u>ATTESTATION REGARDING SIGNATURES</u>

Pursuant to Local Rule 5-4.3.4(a)(2),  I,  Marc L. Godino, attest that all other signatories listed, and on whose behalf the filing  is  submitted, concur in the filing's content and have authorized the filing.

Dated: April 17, 2023

<u>/s/ Marc L. Godino</u>
MARC L. GODINO

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiff Robert Cohen and the Proposed Class, certifies that this brief contains 5,340 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 17, 2023

<u>/s/ Marc L. Godino</u>
MARC L. GODINO