**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

| | |
|---|---|
| Case No. 8:20-CV-00637-DOC-ADS | Date:  June 1, 2023 |

Title: ROBERT COHEN V. CONAGRA BRANDS, INC.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| <u>Karlen Dubon</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER REQUIRING SUPPLEMENTAL EVIDENCE IN SUPPORT OF MOTION [DKT. 73]**

    Before the Court is Defendant's Motion for certification of issue for immediate appeal, or in the alternative, for reconsideration. Dkt. 73. The Motion is fully briefed. *See* Dkt.79 (Opposition), Dkt. 80 (Reply). The Court held oral argument and took the matter under submission on May 1, 2023. Dkt. 82.

    To aid the Court in ruling on the Motion, the Court orders Defendant to submit a chart providing a comparison between the relevant ingredients labels that received sketch approval from FSIS on the one hand, alongside the ingredients labels for each product that Defendant contends is properly subject to generic approval deriving from the sketch approval, which is based on the contention that the ingredients are the same, and only changes immaterial to the "natural" designation have bene made (*e.g.*, change in product shape, change in product quantity).

    Although Defendant submitted some semblance of this information scattered across hundreds of pages of exhibits attached to the underlying motion to dismiss, *see* Dkts. 48-3 through 48-26, which totals 504.7 MB in size, it is not in a format readily

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:20-CV-00637-DOC-ADS     Date: June 1, 2023

Page 2

accessible for the Court's comparison—indeed the ingredients labels that Defendant contends are subject to generic approval are unreadable.

For example, Defendant contends that it obtained sketch approval for the Chicken Breast Nuggets (Bag) (Ex. B-2), which required sketch approval because the label states that the product is "natural", and then generic approval applied for the related product, Chicken Breast Patties (Bag) (Ex. C-5), *see* Dkt. 48-9. But based on the evidence submitted, the Court cannot review whether additional or different ingredients were added or labeling changes were made relating to the specially approved claim (*i.e.*, that the product was "natural"). This is illustrated below.

| FSIS Sketch Approval | FSIS Generic Approval |
|---|---|
| Ingredient Statement: CHICKEN NUGGET PATTIES (Chicken Breast With Rib Meat, Water, Isolated Soy Protein, Salt, Sodium Phosphates, Autolyzed Yeast Extract, Natural Flavorings), BREADER (Bleached Wheat Flour, Salt, Dextrose, Yeast, Spice, Extractives of Paprika), BATTER (Water, Yellow Corn Flour, Corn Starch, Dextrose, Salt, Spices, Sugar, Autolyzed Yeast Extract, Modified Corn Starch, Garlic Powder, Guar Gum, Leavening [Sodium Acid Pyrophosphate, Sodium Bicarbonate, Monocalcium Phosphate]). Fried In Vegetable Oil. CONTAINS: SOY, WHEAT. | [unreadable nutrition facts label image] |
| Chicken Breast Nuggets (Bag) *See* Dkt. 48-4, Ex. B-2 at p. 14 of 56.[1] | Chicken Breast Patties (Bag) *See* Dkt. 48-9, Ex. C-5 at p. 2. |

---

[1]   Defendant's exhibits violate Local Rule 11-5.2, which requires exhibits to be "numbered at the bottom of each page consecutively to the principal document." L.R. 11-5.2. Defendant is admonished to follow the Local Rules. Because Defendant has not provided pagination, the Court will refer to either internal pagination, or overall pagination of the PDF in which the exhibit is contained.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:20-CV-00637-DOC-ADS　　　　　　　　　　　　　　　　　　Date: June 1, 2023

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

As depicted in Exhibit C-5, the ingredients list for Chicken Breast Patties (Bag), Ex. C-5, is completely unreadable. The other product exhibits share similar deficiencies.

　　Accordingly, for every product Defendant contends is properly subject to generic approval based on prior sketch approval of a similar "natural" product, Defendant shall provide a side-by-side comparison table (like that shown above), but the information shall be readable. If any other labeling changes were made that Defendant contends are subject to generic approval, Defendant shall note those and graphically include them in the table.

　　Defendant is **ORDERED** to file the requested submission no later than 14 days from the date of this order. Plaintiff may file a response, not to exceed 5 pages, to comment on Defendant's properly organized and legible evidence within 7 days of Defendant's filing. Plaintiff should frame its response in terms of the Ninth Circuit's limited remand, paying special attention to footnote 6 of the Ninth Circuit's opinion. To the extent Plaintiff contends footnote 6 is not applicable to the First Amended Complaint, Plaintiff shall identify where in the FAC Plaintiff has "plausibly allege[d] the modification [to the generically approved label] is misleading," other than by suggesting FSIS should not have approved such ingredients as "natural" in the first place. *See* Dkt. 35, Slip Op. at 11 n.6; *compare* Dkt. 43, FAC ¶ 53 ("the chicken used by Conagra is not "natural" by *any* definition") (emphasis added).

　　The Clerk shall serve this minute order on the parties.

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: kdu

CIVIL-GEN