| | |
|---|---|
| 1 | ANGELA SPIVEY (*pro hac vice*) |
| 2 | ANDREW PHILLIPS (*pro hac vice*)<br>**ALSTON & BIRD LLP** |
| 3 | One Atlantic Center<br>1201 West Peachtree Street, Suite 4900 |
| 4 | Atlanta, GA  30309-3424<br>Telephone: (404) 881-7000 |
| 5 | Facsimile: (404) 881-7777<br>E-mail:   angela.spivey@alston.com |
| 6 | andrew.phillips@alston.com |
| 7 | |
| 8 | RACHEL E. K. LOWE (SBN 246361)<br>**ALSTON & BIRD LLP** |
| 9 | 333 South Hope Street, 16th Floor<br>Los Angeles, CA  90071-1410 |
| 10 | Telephone: (213) 576-1000<br>Facsimile: (213) 576-1100 |
| 11 | E-mail:   rachel.lowe@alston.com |
| 12 | Attorneys for Defendant |
| 13 | **CONAGRA BRANDS, INC.** |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| ROBERT COHEN, a consumer, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>CONAGRA BRANDS, INC., a Delaware corporation,<br><br>            Defendant. | Case No.:  8:20-cv-00637-DOC<br><br>Assigned to the Hon. David O. Carter<br><br>**DECLARATION OF ANDREW G. PHILLIPS IN RESPONSE TO ORDER REQUIRING SUPPLEMENTAL EVIDENCE IN SUPPORT OF MOTION [DKT. 84]**<br><br>Date:         May 1, 2023<br>Time:        8:30 a.m.<br>Courtroom:  10A |

## DECLARATION OF ANDREW G. PHILLIPS

I, Andrew G. Phillips, declare:

1. I am an attorney duly licensed to practice Law in the State of Georgia and, pursuant to Civil L.R. 83-2.1.3, have been granted admission *pro hac vice* to appear in this case. I am counsel at the law firm of Alston & Bird LLP, attorneys of record herein for Defendant Conagra Brands Inc. ("Conagra"). I make this declaration in support of Conagra's Response to the Court's Order Requiring Supplemental Evidence in Support of Motion (Dkt. 84). I have personal knowledge of the facts set forth in this declaration and if called as a witness, I could and would testify competently to them.

2. Attached hereto as **Exhibit A** is a side-by-side comparison table indicating the labeling changes that were made that Conagra contends are subject to generic approval (as well as a citation to the FSIS Guidelines, Dkt. 73-2, confirming that such changes are subject to generic approval). The documents from which the images in the table were extracted are already in the record as Dkt. 48-4 (sketch approvals) and Dkts. 48-5 through 48-24 (generically approved labels).

3. Attached hereto as **Exhibit B** is a true and correct copy of FSIS sketch approval for the Popcorn Chicken product.[1] Exhibit B includes the FSIS stamp "Sketch Approved Subject to Compliance with FMIA & PPIA & Regulations" indicating the application for sketch approval has been approved by FSIS.

4. The Court previously held that it was appropriate to take judicial notice of the fact that a label had undergone FSIS sketch approval. Dkt. 72 at 6 ("The only fact the Court need take notice of is that the labels were approved as reflected in the sketch approvals."). Because the Popcorn Chicken product received FSIS sketch approval, Conagra has not included it on the side-by-side comparison table indicating the labeling changes that were made that Conagra contends are subject to generic approval.

---

[1] Plaintiffs' First Amended Complaint refers to a "Popcorn Chicken (Bag)" product and a "Popcorn Chicken (Box)" product. The Popcorn Chicken (Box) product was discontinued at the time Conagra sought sketch approval.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th day of June, 2023 in Atlanta, Georgia.

                                        */s/ Andrew G. Phillips*
                                        Andrew G. Phillips