HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
 ambere@haelaw.com
ALREEN HAEGGQUIST (221858)
 alreenh@haelaw.com
AARON M. OLSEN (259923)
 aarono@haelaw.com
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878

[Additional Counsel Appear on Signature Page]

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT COHEN, a consumer, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br><br>      v.<br><br>CONAGRA BRANDS, INC., a Delaware corporation,<br><br>           Defendant. | Case No.: 8:20-cv-00637-DOC-ADS<br><br>CLASS ACTION<br><br>RESPONSE TO DEFENDANT'S SUPPLEMENTAL EVIDENCE IN SUPPORT OF MOTION [DKT. 73]<br><br>*The Honorable David O. Carter*<br><br>Complaint Filed: April 1, 2020<br>Trial date: Not set. |

## I. INTRODUCTION

Defendant's motion for reconsideration suffers from a false premise that any label with a special claim, even a claim of "natural," may be generically approved if the modifications involve changes unrelated to the special claim. However, the USDA's most recent final rule (Prior Label Approval System: Expansion of Generic Label Approval, 88 Fed. Reg. 2798 (Jan. 18, 2023)), interpreting regulation (9 C.F.R. §412.2), makes clear that, unlike other special claims, "natural" label claims are not generically approvable. Because all the labels here include claims of "natural," Defendant could not avail itself of the generic approval process for any of them.

Notwithstanding, contrary to Defendant's ***repeated representations*** to this Court, Defendant made material modifications related to the special claim for at least 2 of the 20 products at issue, namely, the Popcorn Chicken products. Defendant also ignored the Court's order to provide a side-by-side comparison table for these labels and instead has now pivoted to arguing it received "sketch" (rather than "generic") approval for its Popcorn Chicken (Bag). Dkt. 85 ¶¶3, 4; Dkt. 85-2.[1] However, Defendant fails to apprise the Court that: (1) the date of the sketch is almost two years *after* this lawsuit was filed, and (2) the alleged sketch was not "approved." *See* Dkt. 85-2 at 25. By placing the Popcorn Chicken products into commerce without approval, Defendant violated the Poultry Products Inspection Act ("PPIA"). In fact, for all 20 products, Defendant failed to submit evidence of ***the date(s)*** the products were placed into commerce or that it obtained FSIS approval ***before*** the products hit the shelves. As Plaintiff alleged in his First Amended Complaint (Dkt. 43, "FAC"), by placing the products in commerce prior to agency approval, Defendant "violated the federal PPIA." FAC ¶55.

---

[1] For the Popcorn Chicken (Box) (as opposed to "Bag"), Defendant admits it never received sketch approval while the product was on the shelves.

## II.   "NATURAL" CLAIMS MAY NOT BE GENERICALLY APPROVED

The Ninth Circuit's decision in this matter stated in dicta that "'[p]reviously approved labels containing special claims may be generically approved if the only modification involves changes unrelated to the special claim.'" *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1289 n.6 (9th Cir. 2021) (quoting 78 Fed. Reg. 66826, 66830 (Nov. 13, 2013)). This language was in an agency's opinion where it was asked "if [it] *intended* to permit the generic approval . . . when the only modification involves changes unrelated to the special claim." 78 Fed. Reg. at 66830 (emphasis added). The Agency said that that was its initial intent. *Id.* But the Agency then said: "After reviewing the comments, FSIS has determined it would be ***inappropriate*** to allow the ***following types*** of labels to be deemed approved without Agency evaluation and review: Labels bearing negative, '***natural***,' and 'organic' claims: ***These labels are not generically approvable*** *because they are special claims, as defined in [the amended] 9 CFR 412.1(e) of this final rule*." *Id.* (emphasis added).

On January 18, 2023, the agency issued a final rule (88 Fed. Reg. 2798), amended regulation (9 C.F.R. §§412.1, 412.2), effective March 20, 2023. The regulation clarifies that establishments are authorized to use "generically approved labels" but only for those labels that "do ***not*** bear special statements and claims ***as defined in §412.1(e).***" 9 C.F.R. §412.2(a)(1), (b) (emphasis added). Section 412.1(e) defines three specific categories of special statements excluded from generic approval, one of which is "'natural' claims." 9 C.F.R. §412.1(e)(1)(ii). FSIS has listed over 66 types of "special statements and claims." *See* Dkt. 73-2 at 15-18 (FSIS Guideline for Label Approval (Jan. 2023)).[2] The "guidance" says changes to labels

---

[2]   Agency "guidance" documents "'do not have the force and effect of law.'" *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 97 (2015) (citation omitted); *see* U.S. Dep't of Agric., FSIS Guideline for Label Approval (2023) https://www.fsis.usda.gov/guidelines/2023-0001.

approved with special statements may be made without additional review pursuant to 9 C.F.R. §412.2 "***provided*** they do not fall into any of the categories of the labels that ***must*** be evaluated by LPDS." *Id.* at 22 (emphasis added); *see also* 88 Fed. Reg. at 2810 (finding "prior evaluation" still required for "natural" claims "due to the complex nature and need for supporting documentation of these claims").

Contrary to the regulation, Defendant claimed that 13 of the 20 chicken products were "generically" approved based on 6 prior "sketch" approvals of similar products. But because ***all*** the labels include "natural" claims, these labels were not entitled to generic approval. "Under the PPIA, certain poultry labels, like the ones in this case, must be preapproved by a federal agency ***before*** the products go to market." *Cohen*, 16 F.4th at 1286 (emphasis added) (citing 21 U.S.C. §457(c); 9 C.F.R. §412.1(b), (e)). PPIA is also violated by offering for sale misbranded products, including products that have not been approved. *See* 21 U.S.C. §458(a)(2), (c)(6). Here, Plaintiff alleged Defendant placed its Chicken Products into commerce before it had agency approval (FAC ¶¶54,55), thereby violating the PPIA and, by extension, the CLRA, UCL, and FAL. Plaintiff's state law claims predicated on Defendant's violation of the PPIA are not preempted.[3]

---

[3] The Court must consider the allegations in the FAC, including allegations not reviewed by the Ninth Circuit's October 26, 2021 opinion. Plaintiff alleged Defendant failed to submit the required supporting documentation to USDA; the USDA process involves reviewing specific labeling requirements, not whether the packaging will mislead consumers; and USDA has itself "investigated its label review process" and found misleading and inaccurate labels are in commerce. FAC ¶¶49-56. As such, Plaintiff has "challenged" the "facts underlying the agency approval process" consistent with footnote 5 in the Ninth Circuit's opinion (*Cohen*, 16 F.4th at 1288 n.5) and *Hardeman v. Monsanto Co.*, 997 F.3d 941 (9th Cir. 2021). Given that it is now known by USDA, industry, and advocates that even labels rubber-stamped by USDA are deceptive (*see* FAC ¶¶51, 52), U.S. Senators have urged USDA to act on misleading labels. Declaration of Aaron M. Olsen ("Olsen Decl."), Exs. 3-6. Like in *Hardeman*, Plaintiff's claims are not preempted because Defendant's labels are not in compliance with the PPIA.

HAEGGQUIST & ECK, LLP

### III. THE POPCORN CHICKEN RECEIVED NO AGENCY APPROVAL

Though none of the labels at issue here may be "generically" approved, Defendant made material modifications to the Popcorn Chicken products such that, *even by Defendant's standard*, generic approval was not authorized. Defendant has vociferously argued its Popcorn Chicken products were "generically" approved based on a March 19, 2018 FSIS sketch approval (*see* Dkt. 48-3 at 3), saying there "were no changes at all to the product (i.e., no additional or different ingredients, no changed product form, etc." Dkt. 73-1 at 8; *see also* Dkt. 80 at 6. However, Defendant submitted ingredient labels that this Court correctly noted were "completely unreadable." Dkt. 84 at 3. In defiance of the Court's order mandating Defendant provide legible side-by-side comparison tables, Defendant failed to do so for the Popcorn Chicken. The reason is evident. A review of the March 19, 2018 sketch compared with the Popcorn Chicken label proves the formulation was changed and unapproved ingredients were added – it was not simply a change to the "shape." *See* Olsen Decl., ¶2 & Ex. 1. Defendant added "Modified Corn Starch" and "Soy Flour" to the chicken (aside from the Breader and Batter). It also changed the Breader formulation, and added "Soybean Oil" and "Whey" ingredients.

By Defendant's own standard, adding ingredients and changing the formulation make Popcorn Chicken ineligible for "generic" approval based on sketch approval of a different product. Moreover, aside from the product being unlawfully on the shelf in violation of the PPIA, the modifications to the Popcorn Chicken are misleading to reasonable consumers and relate to the special claim that the chicken was allegedly made with "100% Natural White Meat Chicken." FAC ¶¶29, 31. "Modified Corn starch is a 'direct' food additive." *Id.* ¶¶40, 47. This added ingredient does "not meet consumer expectations of '100% Natural.'" *Id.* ¶40. Likewise, "Soy Flour" could under no interpretation be considered "100% Natural White Meat Chicken." The modification is misleading because Defendant *added* ingredients to create a product

that is not "100% Natural White Meat Chicken."[4]

With this evidence revealed, Defendant has pivoted from arguing the product was "generically" approved to now relying on a supposed February 18, 2022 "sketch" for the Popcorn Chicken (Bag). Dkt. 85 ¶¶3, 4; Dkt. 85-2. But the sketch date of February 18, 2022 is almost two years after this lawsuit was filed and after the product had already been in commerce. Dkt. 85-2 at 2. The sketch is also devoid of a stamp of approval. *See id.* (form box number 2). "[T]he mere existence of the label is insufficient to establish that it was reviewed and approved by FSIS." *Cohen*, 16 F. 4th at 1289. It is unlawful for Defendant to place the products into commerce without preapproval. 21 U.S.C. §458(c)(6); 9 C.F.R. §412.1(a); *see also* Dkt. 73-2 at 7 (FSIS Guideline for Label Approval). Yet, Defendant did just that.

Moreover, with respect to all 20 products, Defendant failed to submit evidence disproving Plaintiff's contention that Defendant placed the products in commerce ***before*** Defendant received FSIS preapproval. Defendant has not established ***the date(s)*** its products hit the shelves. While the six sketch approvals have varying dates ranging from March 2018 to June 2019, Plaintiff alleged he was exposed to Defendant's Chicken Products since early 2018. FAC ¶73. As such, it is premature to assume Defendant obtained approval for all 20 products ***before*** the products were placed into commerce when Defendant has not proven ***when*** the products hit the market. Whether Defendant complied with the PPIA must be developed in this Court before this matter can be meaningfully revisited by the Ninth Circuit.[5]

---

[4] Even if the label had been reviewed and approved by FSIS, which there is no proof it was, any such approval would have been arbitrary and capricious if the agency was in fact tasked to review for misleading content. 5 U.S.C. §706(2); *Gill v. U.S. Dep't of Justice*, 913 F.3d 1179, 1187 (9th Cir. 2019).

[5] Should the Court find that more specific facts should be pled regarding how and why Defendant's modification to the generically approved labels is misleading and/or how Defendant's conduct violated the PPIA, Plaintiff respectfully requests the Court grant him leave to amend his complaint.

| | | |
|---|---|---|
| 1 | Respectfully submitted, | |
| 2 | Dated: June 22, 2023 | HAEGGQUIST & ECK, LLP |
| | | AMBER L. ECK (177882) |
| 3 | | ALREEN HAEGGQUIST (221858) |
| 4 | | AARON M. OLSEN (259923) |
| 5 | | |
| | | By:      /s/Aaron M. Olsen |
| 6 | | AARON M. OLSEN |

225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878
ambere@haelaw.com
alreenh@haelaw.com
aarono@haelaw.com

ELSNER LAW & POLICY LLC
GRETCHEN ELSNER (*Pro Hac Vice*)
314 South Guadalupe Street
Santa Fe, NM 87501
Telephone: (505) 303-0980
gretchen@elsnerlaw.org

GLANCY PRONGAY & MURRAY LLP
LIONEL Z. GLANCY (134180)
MARC L. GODINO (182689)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
lglancy@glancylaw.com
mgodino@glancylaw.com
info@glancylaw.com

1  GLANCY PRONGAY & MURRAY LLP
2  DAVID J. STONE (208961)
   230 Park Avenue, Suite 358
3  New York, NY 10169
   Telephone: (212) 682-5340
4  Facsimile: (212) 884-0988
5  dstone@glancylaw.com

6
7  Attorneys for Plaintiff and the Proposed Class

# CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 22, 2023.

                                        s/ Aaron M. Olsen
                                          AARON M. OLSEN

HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
AARON M. OLSEN (259923)
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619-342-8000
Facsimile: 619-342-7878
ambere@haelaw.com
aarono@haelaw.com