ANGELA SPIVEY (*pro hac vice*)
ANDREW PHILLIPS (*pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA  30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
E-mail:   angela.spivey@alston.com
               andrew.phillips@alston.com

RACHEL E. K. LOWE (SBN 246361)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
E-mail:   rachel.lowe@alston.com

Attorneys for Defendant
**CONAGRA BRANDS, INC.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ROBERT COHEN, a consumer, on behalf of himself and all others similarly situated,<br><br>             Plaintiff,<br><br>      v.<br><br>CONAGRA BRANDS, INC., a Delaware corporation,<br><br>             Defendant. | Case No.:  8:20-cv-00637-DOC<br><br>Assigned to the Hon. David O. Carter<br><br>**REPLY IN SUPPORT OF CONAGRA'S SUPPLEMENTAL EVIDENCE** |

Conagra Brands, Inc. ("Conagra") submits this reply to arguments raised in Plaintiff's Opposition to Conagra's Supplemental Evidence.

1. Plaintiff primarily argues that all labels with special claims—like "natural" claims—are never generically approvable.  This argument is directly contrary to FSIS guidance, 9 CFR 412.2 which explicitly "allows for labels to be generically approved provided they do not fall into any of the categories of the labels that must be evaluated by LPDS. ***Included in that group of labels are those labels that have a special statement or claim [e.g., 'natural'] that were previously approved by LPDS***. Thus, ***once a label is approved*** there are several changes that can be made to the label that do not impact the previously approved claims." *See* January 2023 FSIS Guideline for Label Approval, p. 21. All of the changes noted on Conagra's chart fall into the enumerated categories of changes that can be made to a previously sketch-approved label that do not impact the previously approved special claim.

2. Plaintiff notes that the popcorn chicken sketch approval initially submitted by Conagra did not include the FSIS approval stamp.  The metadata (including the stamp) was inadvertently removed during the redaction/filing process.  Conagra has submitted a declaration and corrected sketch approval including the FSIS stamp.  Dkt. 87, Ex. A.  Plaintiff's arguments as to a purported lack of approval are moot.

3. Plaintiff's remaining arguments regarding the popcorn chicken product miss the mark.  Popcorn chicken is a USDA/FSIS regulated product.  The FSIS sketch approval approves each of the challenged statements ("100% NATURAL," "NO PRESERVATIVES," "NO ARTIFICIAL COLORS," and "NO ARTIFICIAL FLAVORS") on the popcorn chicken product containing each of the ingredients challenged by the FAC (SAPP and Sodium Tripolyphosphate).  Thus, the popcorn chicken label, with the challenged claims and including the challenged ingredients, is FSIS approved. ***Plaintiff may not "second -guess" the Agency.***  *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1288 (9th Cir. 2021). Plaintiff's other arguments are speculation and beyond the FAC.  Plaintiff may not amend the FAC through briefing.

1

2   DATED: June 30, 2023              /s/ Angela Spivey
                                      ANGELA SPIVEY
3                                     Attorney for Defendant
                                      **CONAGRA BRANDS, INC.**
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Reply in Support of Supplemental Evidence