HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
  ambere@haelaw.com
ALREEN HAEGGQUIST (221858)
  alreenh@haelaw.com
AARON M. OLSEN (259923)
  aarono@haelaw.com
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878

[Additional Counsel Appear on Signature Page.]

Attorney for Plaintiff and the Proposed Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT COHEN, a consumer, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>CONAGRA BRANDS, INC., a Delaware corporation,<br><br>        Defendant. | Case No.: 8:20-cv-00637-DOC-ADS<br><br>CLASS ACTION<br><br>NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>**Hearing:**<br><br>Judge: *The Honorable David O. Carter*<br>Date: October 30, 2023<br>Time: 8:30 am<br>Courtroom: 10A<br>Complaint Filed: April 1, 2020<br>Trial date: Not set. |

**NOTICE OF MOTION**

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on October 30, 2023, or as soon thereafter as this matter may be heard, in the United States District Court, Central District of California, Southern Division, located at 411 West Fourth Street, Courtroom 10A, Santa Ana, CA, 92701-4516 before the Honorable David O. Carter, Plaintiff Robert Cohen moves the Court pursuant to FRCP 15 for leave to file an amended complaint.

Plaintiff Cohen seeks leave to amend on the *Foman v. Davis*, 371 U.S. 178 (1962) factors and because justice requires that Plaintiff present this Court with information that was not available when Plaintiff filed the original complaint that was reviewed by this Court and the Ninth Circuit, information that was not available when Plaintiff filed the First Amended Complaint, and information that has not yet been addressed by any order of this Court or the Ninth Circuit.

This Motion is filed after the the conference of counsel on July 18, 2023 and several subsequent communications. The Motion is based on this Notice of Motion and accompanying Memorandum of Points and Authorities, and on such other written and oral argument presented to the Court.

HAEGGQUIST & ECK, LLP

1

2

3

4

5

6

7

8

9

10

11

HAEGGQUIST & ECK, LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

**MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**I.      INTRODUCTION**

This Court previously recognized Plaintiff's request to amend the complaint and the process for doing so. The Court stated, "[i]f Plaintiff believes he can plead additional facts consistent with the governing standard and the rulings in this Order as to the eleven dismissed products, he may file a motion for leave to file a Second Amended Complaint explaining how he proposes to do that." Dkt. 90 at 14.  Rule 15 of the Federal Rules of Civil Procedure ("FRCP") requires that the "court should freely give leave when justice so requires." FRCP 15(a)(2). Here, pursuant to Rule 15, Plaintiff respectfully requests leave to file the proposed Second Amended Complaint ("SAC"), which is attached.

Plaintiff's proposed SAC predominately seeks the following amendments to Plaintiff's currently operative First Amended Complaint ("FAC"): (1) clearly plead sufficient facts to show Defendant evaded the federal regulatory scheme under the Poultry Products Inspection Act ("PPIA") by unlawfully placing its *Popcorn Chicken* product into commerce without *first* obtaining preapproval of its label by the federal Food Safety and Inspection Service ("FSIS"); (2) clarify Plaintiff's allegations to clearly delineate between Defendant's false and misleading statements on (a) the products' *labels*, versus (b) Defendant's false and misleading statements *via other media*, such as on Defendant's website, circulars, and coupons; (3) clarify that Plaintiff's existing animal husbandry and feeding claims with respect to Defendant's use of "natural" to market and advertise its Poultry Products, does not solely relate to added "ingredients" in the products, but also to the treatment of the animals, which is outside of FSIS's purview (and thus, not subject to preemption); and (4) clarify Plaintiff's challenge to the facts *underlying* the FSIS label approval process (not just

1

1  the approval itself) with respect to all the Poultry Products, which was not clarified in

2  the complaint reviewed by the Ninth Circuit.[1]

3      Plaintiff has good cause for the amendment in Plaintiff's proposed SAC, and

4  the amendment is not futile. Because there has been no undue delay or unfair prejudice

5  to Defendant, Plaintiff respectfully requests the Court grant him leave to file the SAC.

6  ## II.      PROCEDURAL BACKGROUND

7      This is Plaintiff's first motion for leave to amend. Plaintiff filed the original

8  complaint on April 1, 2020 (Dkt. 1). After an appeal to the Ninth Circuit which

9  resulted in remand, Plaintiff filed the FAC on March 30, 2022 (Dkt. 43). Defendant

10 moved to dismiss the FAC and this Court granted in part and denied in part the motion.

11 Dkt. 48, 72. Defendant moved for reconsideration and this Court granted

12 reconsideration. Dkt. 73, 90.

13     There is not yet an operative scheduling order in this case. The Court has not

14 set a filing deadline for a motion for class certification or set a trial date. Defendant

15 has not produced any documents in response to Plaintiff's formal discovery requests

16 and Defendant has not served any discovery requests. Depositions have not been

17 scheduled or taken. Plaintiff seeks leave to file the SAC within two months of the

18 Court's most recent substantive order with respect to Plaintiff's FAC, Dkt. 90.

19     Plaintiff's proposed SAC has the same parties. All three statutory consumer

20 protection causes of action, which all survived Defendant's motion to dismiss, are in

21 the SAC. Plaintiff is adding one additional cause of action that complements the

22 existing counts: unjust enrichment. Plaintiff augmented the factual allegations in

23 response to Defendant's arguments made to this Court and additional investigation

24

25
26  [1]    Plaintiff's SAC retains allegations relating to previously dismissed claims as to
    the products identified by the Court to (1) ensure his claims as to those products are
27  not waived and preserved for appeal as they were not dismissed *with prejudice* and
    without leave to amend (*Lacey v. Maricopa Cty.,* 693 F.3d 896, 928 (9th Cir. 2012);
28  and (2) clarify his legal theories regarding the same.

HAEGGQUIST & ECK, LLP

1   responsive to this Court's previous orders.

2       **III.    LEGAL ARGUMENT**

3           **A.    Rule 15(a)**

4       Federal policy strongly favors determination of cases on their merits and,

5   therefore, leave to amend under Rule 15(a) should be given freely "when justice so

6   requires." FRCP 15(a)(2). *Rieve v. Coventry Health Care Inc.*, No. SACV 11-1032

7   DOC (RNBx) (C.D. Cal. March 19, 2012). Motions for leave are to be granted with

8   "extreme liberality" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009), and

9   in the absence of "strong evidence" of an "apparent or declared reason," such as undue

10  delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior

11  amendments, prejudice to the opposing party, or futility of amendment, it is an abuse

12  of discretion for a district court to refuse to do so. *Foman v. Davis*, 371 U.S. 178, 182

13  (1962); *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d

14  1109, 1117 (9th Cir. 2013).

15      Plaintiff need only establish the reason why amendment is required, and the

16  burden is then on Defendant to show why amendment should be denied under the

17  *Foman* factors (e.g. undue delay, bad faith, prejudice, etc.). *Clarke v. Upton*, 703

18  F.Supp.2d 1037, 1041 (E.D. Cal. 2010); see also, *DCD Programs, Ltd. v. Leighton*,

19  833 F.2d 183, 187 (9th Cir. 1987) (party opposing the amendment bears the burden

20  of showing prejudice; reversing district court's decision to deny amendment). Further,

21  although prejudice to the opposing party carries the greatest weight in this analysis

22  (see *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)), no

23  single factor is necessarily dispositive. As established in *Foman*, "the grant or denial

24  of an opportunity to amend is within the discretion of the District Court, but outright

25  refusal to grant the leave without any justifying reason appearing for the denial is not

26  an exercise of discretion; it is merely abuse of that discretion and inconsistent with

27  the spirit of the Federal Rules." *Foman*, 371 U.S. at 183.

28

HAEGGQUIST & ECK, LLP

**B.      The *Foman* Factors Support Granting Leave to Amend**

**1.  No Dilatory Motive**

This is Plaintiff's first and only motion for leave to amend the complaint and is being filed within two months of this Court's last order regarding Plaintiff's FAC. Dkt. 43, 90. The motive of this amendment is to allege facts that support the existing causes of action and the one new cause of action that were not known to Plaintiff at the time the previous complaint was filed. The facts supporting the cause of action have become known and relevant based on Defendant's recent filings and Plaintiff's investigations relating to the filings. The amendment is intended to clarify Plaintiff's pleading in response to the Court's last order. Dkt. 90 at 13-14 (discussing wording of the factual allegations).

**2.  No Undue Delay**

Plaintiff has not delayed and is seeking leave to amend within two months of the Court's order on the previous complaint. There is not any delay caused by Plaintiff amending, let alone undue delay. Given that this Court has already ruled that Plaintiff's three statutory causes of action can proceed (Dkt. 72 and Dkt. 90), the parties can engage in discovery even if Defendant wishes to challenge Plaintiff's new clearly pled theories of recovery and unjust enrichment cause of action.

**3.  No Futility**

Plaintiff's SAC sets forth legally viable claims. First, it has become apparent from Defendant's recent filings, as well as from Plaintiff's investigation relating to those filings, that Defendant wholly evaded the federal regulatory scheme under the PPIA by unlawfully placing its Popcorn Chicken product into commerce without *first* obtaining preapproval of its label by FSIS. *See* SAC at ¶¶ 27-33. However, in its recent order, the Court found that such a theory was not clearly pled in Plaintiff's currently operative FAC. Dkt. 90 at 13-14. Plaintiff's proposed amendment clarifies that such a theory is at issue.

As a poultry manufacturer and seller, Defendant is subject to compliance with

Case No.: 8:20-cv-00637-DOC-ADS

MOTION FOR LEAVE TO AMEND

HAEGGQUIST & ECK, LLP

HAEGGQUIST & ECK, LLP

1   the PPIA, which was enacted in 1957 to ensure that the nation's poultry products "are

2   wholesome, not adulterated, and properly marked, labeled, and packaged."  21 U.S.C.

3   § 451. "Under the PPIA, certain poultry product[] [labels], like the ones in this case,

4   ***must*** be preapproved by a federal agency before the products go to market." *Cohen v.*

5   *Conagra Brands, Inc.,* 16 F.4th 1283, 1286 (9th Cir. 2021) (emphasis added); *Cohen*

6   *v. Conagra Brands, Inc.,* Case No. 8:20-cv-00637-DOC-ADS, 2023 U.S. Dist. LEXIS

7   127656, at *26 (C.D. Cal. July 7, 2023) (finding, "it is unlawful to place products

8   requiring initial sketch approval into commerce without preapproval."); 21 U.S.C.

9   § 457(c); 9 C.F.R. §412.2(b), (e).

10         As more fully set forth in Plaintiff's SAC (¶¶ 27-33), in violation of the PPIA,

11   Defendant wholly evaded the federal regulatory scheme by unlawfully placing its

12   Popcorn Chicken product into commerce without *first* obtaining preapproval of its

13   label by the FSIS. Defendant's Popcorn Chicken product with the label at issue has

14   been in commerce since at least September 13, 2018, if not before. *Id.* at 29, 31.

15   However, according to Defendant's latest filings with the Court, and Plaintiff's

16   subsequent investigation, the initial sketch approval on which Defendant relies for

17   this product was not approved until February 24, 2022 (well after this case was filed).

18   *Id.* at 31. As the Court recently acknowledged, "Defendant's own statement suggests

19   that at least the box product was on the market before sketch approval was sought."

20   *See* Dkt. 90 at 16, citing Dkt. 85, ¶ 4 (noting that the box product for Popcorn Chicken

21   "was discontinued at the time Conagra sought sketch approval"). In short, Defendant

22   unlawfully placed the Popcorn Chicken product with the label at issue into commerce

23   without preapproval from the FSIS in violation of the PPIA. In turn, because

24   California's Unfair Competition Law borrows violations from other laws making

25   them independently actionable as unfair competitive practices (*Korea Supply Co. v.*

26   *Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1143 (2016), Defendant's violations of the

27   PPIA are independently actionable under California's state laws. *Id.* at ¶ 32. Because

28   Defendant has been unjustly enriched by this unlawful practice at the expense of

HAEGGQUIST & ECK, LLP

1    Plaintiff and members of the Class, a common law unjust enrichment claim is also

2    proper. The PPIA expressly does not preclude any State from taking any action

3    consistent with the PPIA with respect to any matters regulated under the PPIA.

4    21 U.S.C. § 467e. As such, allowing Plaintiff leave to amend his complaint and file

5    the SAC is proper because he can plead additional facts consistent with the governing

6    standard and the rulings in this Court as to the products at issue. Plaintiff's motion for

7    leave to amend to clearly plead this theory is not futile.

8         Second, consistent with this Court's orders, Plaintiff's SAC also proposes to

9    clarify Plaintiff's claims to clearly delineate between Defendant's false and

10   misleading statements on the products' *labels* versus Defendant's false and

11   misleading statements *via other media*, such as on Defendant's website, circulars, and

12   coupons. *See* SAC at ¶¶ 71-75. As the Ninth Circuit in this case made clear, Plaintiff's

13   "state law claims challenging ConAgra's website representation that the chicken

14   products as a whole contain no preservatives, artificial flavors, or artificial colors, are

15   not preempted (whether or not the product labels were reviewed and approved by

16   FSIS)." *Cohen v. Conagra Brands, Inc.*, 16 F.4th 1283, 1291 (9th Cir. 2021).

17   Plaintiff's SAC seeks to clarify the distinction between his "label" claims with his

18   website and other media misrepresentation claims.

19        Third, Plaintiff's SAC proposes to clarify that Plaintiff's existing animal

20   husbandry and feeding claims with respect to Defendant's use of "natural" to market

21   and advertise its Poultry Products, does not solely relate to added "ingredients" in the

22   products. It also relates to the treatment of chickens – which starts well before the

23   birds are even slaughtered and is outside the purview of FSIS review. *See* SAC at

24   ¶¶ 36, 46-53, 55-59; *Ass'n des Elevers de Canards et d'Oies du Quebec v. Becerra*

25   ("*Canards*")*,* 870 F.3d 1140, 1152 (9th Cir. 2017).  Thus, Plaintiff's state law claims

26   relating to animal husbandry are not subject to Defendant's "preemption" defense.

27        Fourth, with respect to his challenge to the labels on all the Poultry Products,

28   Plaintiff's SAC proposes to clarify his challenge to the facts *underlying* the FSIS

MOTION FOR LEAVE TO AMEND

approval process – not just the approval itself, which was not clarified in the complaint reviewed by the Ninth Circuit.  *See* SAC at ¶¶ 34-54, 60-70. Plaintiff has plausibly alleged that even if Defendant subsequently received an approval stamp from FSIS on its "sketch" for the labels of some of the Poultry Products, it does not equate to a finding that all the representations on the labels were not false or misleading.  SAC at ¶¶ 60-70. The problem of inaccurate labels in commerce and importance of clear labels is significant enough to attract the attention of Congressional over sight. SAC at ¶ 6. USDA Secretary Vilsack announced launching new efforts to address the problem, in the context of President Biden's executive order addressing meat industry competition and transparency for consumers. SAC at ¶ 7.

Given that three original statutory causes of action brought by the existing Plaintiff against the existing Defendant are proceeding, and that Plaintiff is amending to add a complementary common law cause of action and recently learned additional factual support for the existing causes of action relevant to the Court's last order, there is not any argument that the amendment would be futile. A proposed amendment is futile only if is it clear that a complaint could not be saved by any amendment. *Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Ed.*, 616 F.3d 963, 972 (9th Cir. 2010); *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (leave to amend should have been granted where court "conceive[d] of additional facts that could, if formally alleged, support" the proposed additional claim). Here, Plaintiff has alleged legally viable claims.

### 4.  No Prejudice

Defendant is not substantially prejudiced, and therefore leave to amend should not be denied. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The parties remain the same. The causes of action are nearly the same, but with a clearly pled theory Defendant violated the PPIA (and thus California's consumer protection statutes) and the addition of a complementary common law cause of action. Defendant has not yet engaged in discovery and therefore cannot assert any

HAEGGQUIST & ECK, LLP

7

1  prejudice or delay to the discovery process because of Plaintiff's amendment.

2      Even if there were prejudice to Defendant in allowing Plaintiff leave to amend,

3  this Court must weigh that potential prejudice against the prejudice to Plaintiff by not

4  allowing the amendment. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir.

5  1998).

6      Plaintiff submits that justice requires leave for Plaintiff to amend the complaint,

7  the parties engage in discovery (instead of repeated requests for judicial notice) so

8  that a true and accurate factual record is developed on which the Court or jury can

9  make factual determinations.

10  **IV.    CONCLUSION**

11      Plaintiff respectfully requests that this Court grant leave to amend and order

12  Plaintiff to separately file the proposed SAC, attached here.

13      Respectfully submitted,

14

15  Dated: September 5, 2023          ELSNER LAW & POLICY LLC
                                    GRETCHEN ELSNER (*Pro Hac Vice*)
16                                  By: /s/ *Gretchen Elsner*
                                    314 South Guadalupe Street
17                                  Santa Fe, NM 87501
                                    Telephone: (505) 303-0980
18                                  gretchen@elsnerlaw.org

19

20                                  HAEGGQUIST & ECK, LLP
                                    AMBER L. ECK (177882)
21                                  ALREEN HAEGGQUIST (221858)
                                    AARON M. OLSEN (259923)225
22                                  Broadway, Suite 2050
                                    San Diego, CA 92101
23                                  Telephone: (619) 342-8000
24                                  Facsimile: (619) 342-7878
                                    ambere@haelaw.com
25                                  alreenh@haelaw.com
26                                  aarono@haelaw.com

27

28

HAEGGQUIST & ECK, LLP

1

2
GLANCY PRONGAY & MURRAY LLP
LIONEL Z. GLANCY (134180)
3
MARC L. GODINO (182689)
1925 Century Park East, Suite 2100
4
Los Angeles, CA 90067
5
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
6
lglancy@glancylaw.com
7
mgodino@glancylaw.com
info@glancylaw.com
8

9
GLANCY PRONGAY & MURRAY LLP
DAVID J. STONE (208961)
10
230 Park Avenue, Suite 358
11
New York, NY 10169
Telephone: (212) 682-5340
12
Facsimile: (212) 884-0988
13
dstone@glancylaw.com
14
*Attorneys for Plaintiff and the Proposed*
15
*Class*
16

17

18

19

20

21

22

23

24

25

26

27

28

HAEGGQUIST & ECK, LLP

**CERTIFICATE OF SERVICE**

I certify that on September 5, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 5, 2023.

By: /s/ *Gretchen Elsner*
ELSNER LAW & POLICY LLC
GRETCHEN ELSNER (*Pro Hac Vice*)
314 South Guadalupe Street
Santa Fe, NM 87501
Telephone: (505) 303-0980
gretchen@elsnerlaw.org

HAEGGQUIST & ECK, LLP

10        Case No.: 8:20-cv-00637-DOC-ADS
MOTION FOR LEAVE TO AMEND