| | |
|---|---|
| 1 | ANGELA SPIVEY (*pro hac vice*) |
| 2 | ANDREW PHILLIPS (*pro hac vice*)<br>**ALSTON & BIRD LLP** |
| 3 | One Atlantic Center<br>1201 West Peachtree Street, Suite 4900 |
| 4 | Atlanta, GA 30309-3424<br>Telephone: (404) 881-7000 |
| 5 | Facsimile: (404) 881-7777<br>E-mail:   angela.spivey@alston.com |
| 6 |            andrew.phillips@alston.com |
| 7 | RACHEL E. K. LOWE (SBN 246361) |
| 8 | **ALSTON & BIRD LLP**<br>333 South Hope Street, 16th Floor |
| 9 | Los Angeles, CA 90071-1410<br>Telephone: (213) 576-1000 |
| 10 | Facsimile: (213) 576-1100<br>E-mail:   rachel.lowe@alston.com |
| 11 | Attorneys for Defendant |
| 12 | **CONAGRA BRANDS, INC.** |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT COHEN, a consumer, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>         v.<br><br>CONAGRA BRANDS, INC., a Delaware corporation,<br><br>                    Defendant. | Case No.: 8:20-cv-00637-DOC<br><br>Assigned to the Hon. David O. Carter<br><br>**DEFENDANT CONAGRA BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>[Filed concurrently with the Memorandum of Points and Authorities; Declaration of Andrew G. Phillips; and [Proposed] Order]<br><br>Date:          January 22, 2024<br>Time:          8:30 a.m.<br>Courtroom:  10A |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on January 22, 2024, or as soon thereafter as this matter may be heard, in the United States District Court, Central District of California, Southern Division, located at 411 West Fourth Street, Courtroom 10A, Santa Ana, CA, 92701-4516 before the Honorable David O. Carter, Defendant Conagra Brands, Inc., ("Conagra" or "Defendant") will, and hereby does, move the Court for an order, pursuant to Rules 12(b)(1), 12(b)(6), and 9(b) of the Federal Rules of Civil Procedure, dismissing Plaintiff Robert Cohen's ("Plaintiff") Second Amended Class Action Complaint ("SAC") with prejudice. Conagra brings this Motion on the following issues:

Plaintiff asserts state law causes of action under California's Consumers Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), and False Advertising Law ("FAL"), as well as a cause of action for unjust enrichment, alleging that various Banquet chicken products manufactured and produced by Conagra ("Chicken Products" or "Challenged Products") are deceptively labeled and marketed because the product labeling and/or Conagra's Banquet-brand website includes claims that the Chicken Products are "100% Natural" and contain "No Preservatives," or artificial flavors or colors.

Plaintiff's claims based on product labeling reviewed and approved by the United States Department of Agriculture's ("USDA") Food Safety and Inspection Service ("FSIS") are preempted, consistent with the Ninth Circuit's order on appeal in this case. Under the Poultry Products Inspection Act, 21 U.S.C. §§ 451 *et seq.* (the "PPIA"), pre-approval requires that the FSIS has determined that the product marking and labeling is not false or misleading. Moreover, the PPIA contains an express preemption clause precluding states from imposing marking, labeling, packaging or ingredient requirements "in addition to, or different than" those under the PPIA. Because the FSIS approved the labeling of the Chicken Products, including the specific representations challenged by Plaintiff, exposing Defendant to liability under state law on the basis of

said labeling would establish a different or additional standard under state law. This is expressly prohibited by the PPIA. Accordingly, Plaintiff's claims, arising as they do under state law, that challenge FSIS-approved labels are federally preempted and should be dismissed with prejudice.

Plaintiff's claims based on website representations must also be dismissed as preempted. As the Ninth Circuit previously held in this case, where the representations made on a website and a label are "materially identical," the website representations are preempted based on FSIS label approval. The Ninth Circuit found that ad copy from the Banquet website stating "They're made with 100% natural, white-meat chicken" was essentially identical to the representation on the product labels—"Made with 100% Natural White Meat Chicken"—and thus claims based on the online "100% Natural" representation were preempted. The remaining website claims are also preempted because when FSIS pre-approved representations that the Products contained no preservatives, artificial colors, or artificial flavors, it made that determination with respect to the products as a whole. Therefore, the website representations are materially identical to the pre-approved labels.

In addition, Plaintiff cannot show that Conagra made any misleading or false statement that he relied on with respect to the 2018 Popcorn Chicken label in light of: (1) FSIS's sketch approval of a natural claim on the 2016 Popcorn Chicken label based on an identical ingredient list; and (2) FSIS sketch approval of the no preservative, no artificial colors, and no artificial flavor claims on the 2022 Popcorn Chicken label, which included all of the ingredients Plaintiff contends are preservatives, artificial flavors, or artificial colors. The Court should defer to the expertise of FSIS in approving these claims with respect to these ingredients.

Further, Plaintiff cannot maintain a nationwide unjust enrichment claim because he lacks standing to bring claims under the laws of states where he did not purchase the Chicken Products and there are material conflicts among the fifty states' laws with respect to unjust enrichment claims.

1    Finally, in the event any claims survive dismissal, the Court should dismiss
2 Plaintiff's request for injunctive relief because he cannot plausibly be deceived by the
3 product labeling in the future and dismiss Plaintiff's claims seeking equitable relief
4 because he has not plausibly alleged an inadequate remedy at law.

5    This Motion is filed following the conference of counsel pursuant to Local Rule
6 7-3, which took place on September 12, 2023.

7    This Motion is based on this Notice of Motion and Motion to Dismiss, the
8 concurrently filed Memorandum of Points and Authorities, and the supporting
9 declaration and attached exhibits, and upon such other and further briefing, argument
10 and evidence as may be presented prior to or at the time of the hearing of this Motion.

DATED: October 12, 2023

          ANGELA SPIVEY
          **ALSTON & BIRD LLP**

          */s/ Angela Spivey*
          ANGELA SPIVEY
          Attorney for Defendant
          **CONAGRA BRANDS, INC.,**