**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-CV-00637-DOC-ADS | Date: February 26, 2024 |

Title: ROBERT COHEN V. CONAGRA BRANDS, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

| PROCEEDINGS (IN CHAMBERS): | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [101] |
|---|---|

Before the Court is Defendant Conagra Brands, Inc.'s ("Conagra" or "Defendant") Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 101). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. Pro. 78; Cal. R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.

I.   **BACKGROUND**

   **A. Facts**

In this putative class action, Plaintiff Robert Cohen alleges that he purchased frozen chicken products sold by Defendant ConAgra Brands, Inc. Second Amended Complaint ("SAC" or "Second Am. Compl.") (Dkt. 98) ¶ 1. The product labels stated, inter alia, "Made with 100% Natural White Meat Chicken," "No Preservatives," "No Artificial Colors," "No Added Hormones," "No Artificial Flavors." *Id*. ¶¶ 28, 29. Plaintiff alleges

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:20-cv-00637-DOC-ADS                                                  Date: February 26, 2024
                                                                                                                 Page 2

that he relied on these representations and continued buying Defendant's chicken products until January 2019. *Id.* ¶¶ 82-87. Plaintiff challenges thirteen of Defendant's frozen chicken product labels as false and misleading. *Id.* ¶ 17. Additionally, Plaintiff challenges Defendant's advertising claims made on its website as false and misleading. *Id.* ¶ 12. Lastly, Plaintiff brings a nationwide unjust enrichment claim. *Id.* ¶ 14.

     Plaintiff filed his initial Complaint on April 1, 2020. *See* Dkt. 1. After the Court granted Defendant's motion to dismiss the initial Complaint, Plaintiff appealed. The Ninth Circuit issued an opinion affirming-in-part and reversing-in-part. Dkt. 35; *see Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1289 (9th Cir. 2021). As relevant here, the Ninth Circuit reversed the Court's preemption ruling regarding Cohen's product-labeling claims, explaining that the preemption analysis turns on whether Defendant could "produce evidence that the label was reviewed and approved by FSIS [the Food Safety Inspection Service of the USDA]." *Id.* at 1289. Thus, the Ninth Circuit instructed that "the parties should submit evidence about (and the district court should decide) only whether ConAgra's label was reviewed and approved by FSIS." *Id.* at 1283. The Ninth Circuit cautioned, "[i]f the evidence shows that ConAgra's label was approved by FSIS, then Cohen's claims are preempted." *Id.* at 1290.

     Following remand, Plaintiff filed his First Amended Complaint ("FAC") (Dkt. 43) and Defendant again moved to dismiss (Dkt. 48). *See* Dkts. 43, 48. On March 20, 2023, the Court granted in part and denied in part the motion to dismiss. Dkt. 72. First, the Court ruled that six of the disputed products had been reviewed and approved by FSIS. *Id.* at 9. Thus, the Court concluded that Plaintiff's state law claims related to the "natural" designation on those product labels were preempted, and the motion was granted in part on that basis. *Id.* Second, the parties disputed whether, despite not having received sketch approval, the remaining thirteen products are subject to FSIS's generic approval pursuant to 9 CFR § 412.2. *Id.* The Court found that the evidence submitted by Defendant failed to establish that the remaining thirteen products were reviewed and approved by FSIS. *Id.* at 10. Thus, preemption had not been shown and the motion was denied in part on that basis. *Id.*

     After the Court issued its order, Defendant filed a Motion for leave to appeal, or in the alternative, for reconsideration. Dkt. 73. In its Order on July 7, 2023, the Court granted the motion for reconsideration and granted in part and denied in part Defendant's motion to dismiss (Dkt. 90). Specifically, the Court dismissed Plaintiff's state law claims as to mislabeling eleven products as preempted under the Poultry Products Inspection Act (PPIA). As to these claims, the Court advised Plaintiff:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:20-cv-00637-DOC-ADS                                     Date: February 26, 2024
                                                                                         Page 3

> "If Plaintiff believes he can plead additional facts consistent with the governing standard and the rulings in this Order as to the eleven dismissed products, he may file a motion for leave to file a Second Amended Complaint explaining how he proposes to do that. But Plaintiff is advised that such a request must be consistent with this Order. The Court will not entertain further arguments that subsequent generic approval for label changes unrelated to previously sketch approved special claims like "natural" is improper for changes unrelated to the special claim (e.g., shape, size, packaging). Plaintiff should also heed the Ninth Circuit's guidance that, where labels have been approved by FSIS (including generic approval – which is a well-established form of approval), the claims are preempted and must be dismissed. *See Cohen*, 16 F.4th at 1290."

Dkt. 90 at n.2.

As to the Popcorn Chicken Products at issue, the Court denied the motion to dismiss because Defendant had produced insufficient evidence of FSIS approval for the Popcorn Chicken Products (either sketch, generic, or both) and the Court could not conclude that Plaintiff's claims as to those products were preempted. Dkt. 90 at 15-17. Plaintiff filed another motion to file an amended complaint (Dkt. 95) which this Court granted on September 11, 2023 (Dkt. 97).

In the Second Amended Complaint, Plaintiff again challenges thirteen of Defendant's frozen chicken product labels and website advertising claims as false and misleading. SAC ¶¶ 12, 17. Plaintiff alleges four causes of action for (1) violation of the California Consumers Legal Remedies Act (CLRA), Cal. Civ. Code §1750, et seq.; (2) violation of California's Unfair Competition Law (UCL), California Business & Professions Code § 17200, et seq.; (3) violation of California's False Advertising Law (FAL) 17500, et seq. and (4) Unjust Enrichment. *Id.* ¶ 14.

### B. Procedural History

On September 5, 2023, Plaintiff filed a motion to file an amended complaint. Dkt. 95. On September 11, 2023, the Court granted this motion (Dkt. 97), and on September 12, 2023, Plaintiff filed his Second Amended Complaint (Dkt. 98). On October 12, 2023, Defendant filed the present Motion to Dismiss Plaintiffs' Second Amended Complaint ("Motion" or "Mot.") (Dkt. 101). On November 13, 2023, Plaintiff opposed ("Opp'n") (Dkt. 102) and on December 13, 2023, Defendant filed a Reply ("Reply") (Dkt. 103).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:20-cv-00637-DOC-ADS         Date: February 26, 2024
                                                         Page 4

## II. LEGAL STANDARD

### 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## III. DISCUSSION

### A. Plaintiff's Labeling Claims

Plaintiff claims that Defendant violated the Poultry Products Inspection Act ("PPIA"), 21 U.S.C. §451, by placing into commerce poultry products with "false and misleading" label. SAC ¶ 34. The Court concludes that aside from the claim against Defendant's Popcorn Chicken Product (as labeled from 2018 to 2022), all of Plaintiff's claims based on the labeling of Defendant's poultry products are preempted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---:|
| Case No. 8:20-cv-00637-DOC-ADS | Date: February 26, 2024 |
| | Page 5 |

As explained in the Court's prior order, USDA FSIS approves packaging through various methods, including sketch approval and generic approval. *See* 9 C.F.R. § 412.1. Generically approved labels can "bear claims and statements that are defined in FSIS's regulations or the Food Standards and Labeling Policy Book (except for natural and negative claims)." 9 C.F.R. § 412.2(b)). Sketch approval, which applies to any label making a special claim such as "natural," requires submission to FSIS for approval before it can be used in commerce. *See id.* § 412.1(c).

One exception to the sketch approval requirement is that, if a label has previously received sketch approval for a special claim (e.g., a "natural" claim), it can be generically approved after subsequent modifications to the label if the modifications in question do not affect the special claim. *See* 78 Fed. Reg. 66826, 66830 (Nov. 7, 2013). When such generic approval occurs, the modified labels do not need to be submitted to FSIS because they only use "pre-approved" terms and definitions contained in the USDA's labelling policy book. *See* 9 C.F.R.§ 412.2. As this Court previously indicated, among the changes that can instead be generically approved are: removing ingredients, changing the predominance of ingredients, changing the form of a product, changing net weight, and changing the type of packaging (e.g., bag to box). *See* Dkt. 90 at 8.

The Court of Appeals made clear that "[o]n remand, the parties should submit evidence about (and the district court should decide) only whether ConAgra's label was reviewed and approved by FSIS. If the evidence shows that ConAgra's label was approved by FSIS, then Cohen's claims are preempted." *Cohen*, 16 F.4th at 1290. Here, aside from the Popcorn Chicken Product, all labels of Defendant's challenged products have been approved by the FSIS because Defendant either: (1) received sketch approval for the label; or (2) received sketch approval for a prior version of the label and only made subsequent product and label changes that may be generically approved. *See* Dkt. 90 at 13; *see generally* Mot. Exhibit A. Thus, Plaintiff's product labeling claims are preempted.

Plaintiff, however, argues that despite timely obtaining FSIS approval, Defendant's poultry products' labels are false and misleading because the poultry used in the challenged products was subjected to "unnatural animal raising and feeding practices." SAC ¶ 48. This argument fails. "If a plaintiff claims that such a [pre-approved] label is false or misleading notwithstanding review and approval by FSIS, he is essentially claiming that the agency's decision to approve the label was wrong." *Cohen*, 16 F.4th at 1288. As the Court of Appeals stated, "Cohen may not try to argue or show that FSIS's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:20-cv-00637-DOC-ADS               Date: February 26, 2024
                                                                                            Page 6

approval decision was wrong." *Id.* at 1290. Thus, Plaintiff's product labeling claims are preempted because the labels were approved by FSIS.

### B. Plaintiff's Popcorn Chicken Product Claim

Plaintiff claims that Defendant violated the PPIA, 21 U.S.C. §451, by placing the 2018 Popcorn Chicken Product on store shelves without preapproval by the federal Food Safety and Inspection Service ("FSIS"). SAC ¶¶ 9-10. The 2018 Popcorn Chicken Product's label displays two key representations that Plaintiff challenges: (1) "Made with 100% Natural* White Meat Chicken *Minimally Processed, No Artificial Ingredients" (the "100% Natural Claim"); and (2) "No Preservatives," "No Artificial Colors" and "No Artificial Flavors" (the "Negative Claims"). *Id.* ¶ 29.

Defendant moves to dismiss Plaintiff's Popcorn Chicken claim. Mot. at 16. Despite conceding that 2018 Popcorn Chicken Product label was not pre-approved by the FSIS, Defendant nevertheless argues that: (1) Plaintiff's challenge to the 100% Natural Claim is preempted because the pre-approved 2016 Popcorn Chicken Product displayed an allegedly "synonymous claim" and the two products contain the exact same ingredients; and (2) Plaintiff's challenge to the Negative Claims is preempted because FSIS subsequently approved those claims, word-for-word, for display on the 2022 Popcorn Chicken Product. Mot. at 16-19.

Defendant's arguments both fail. As to the first argument, the claim displayed on the 2016 product is not synonymous with the 100% Natural Claim. True, challenging a new claim that is "essentially identical" to an FSIS pre-approved claim is preempted. *Cohen*, 16 F.4th at 1290 (concluding that Plaintiff could not challenge the phrase "They're made with 100% natural, white-meat chicken" because the phrase is identical to "Made with 100% Natural White Meat Chicken" which was pre-approved). Further, per FSIS guidelines, changing an approved claim to a synonymous claim does not require pre-approval. FSIS Guidelines for Label Approval at 21-22 (Jan. 2023) (a synonymous claim is, e.g., "changing from 'no antibiotics used' to 'raised without antibiotics'"). Here, Defendant changed its representations from "100% Natural* Chicken Breast with Rib Meat" on the 2016 Popcorn Chicken Product to "Made with 100% Natural* White Meat Chicken" on the 2018 Popcorn Chicken Product. Mot. at 16. This change does not amount to a mere rearrangement of the words within a phrase, *See* FSIS Guidelines for Label Approval at 21-22, or minor grammatical alterations. *See Cohen*, 16 F.4th at 1290.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:20-cv-00637-DOC-ADS                                Date: February 26, 2024

Page 7

Rather, Defendant replaced a phrase that identifies the source of the chicken meat ("Breast with Rib Meat") with a word that identifies the color of the meat ("White"). Thus, regardless of whether breast and rib meat fit the definition of white meat, the claims displayed on the boxes of the 2016 and 2018 Popcorn Chicken Products are neither "essentially identical" nor "synonymous." Thus, Plaintiff's challenge to the 100% Natural Claim is not preempted for this reason.

As to Defendant's second argument, Defendant contends that the pre-approval of the 2022 Popcorn Chicken Product label effectively functions as a retroactive green-light by the FSIS to display the Negative Claims on the 2018 Popcorn Chicken Product. *See generally* Mot. at 17-19. The Court disagrees. The 2022 Popcorn Chicken sketch was approved after Defendant had already placed the 2018 Popcorn Chicken Product into commerce, and in any event, the two products contain different ingredients. *See* Dkt. 101-3 at 25-26. Nevertheless, Defendant argues that FSIS's approval of the 2022 Popcorn sketch application serves as FSIS's recognition that none of the ingredients common to both products constitute preservatives, artificial colors, or artificial flavors. Mot. at 18. Further, Defendant contends that the ingredients exclusively present in the 2018 Popcorn Chicken Product – soy flour, whey, and sugar – do not constitute preservatives, artificial colors, or artificial flavors. Mot. at 19.

Defendant's argument overlooks the fact that under the PPIA, certain poultry labels, like the ones at issue in this Order, must be preapproved by a federal agency *before* the products go to market. *See* 21 U.S.C. § 457(c); 9 C.F.R. § 412.2(b); *Cohen*, 16 F.4th at 1286. Importantly, this Court finds it imprudent to opine on whether soy flour, whey, and sugar, independently or in combination with other ingredients, constitute preservatives, artificial colors, or artificial flavors. The Ninth Circuit "emphasize[d] the limited nature of [its] remand" and stated that this Court should decide "only whether ConAgra's label was reviewed and approved by FSIS." *Cohen*, 16 F.4th at 1290. As well established here, the label for the 2018 Popcorn Chicken Product was not pre-approved by the FSIS. *See also* Mot. at 16. Thus, Plaintiff can proceed to challenge the Negative Claims.

    C. **Plaintiff's Website Claims**

Plaintiff claims that Defendant's representation on its website regarding its poultry

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:20-cv-00637-DOC-ADS                                        Date: February 26, 2024
                                                                                                      Page 8

products is "false, misleading, and otherwise deceptive to reasonable consumers." SAC ¶ 72. In response, Defendant argues that Plaintiff cannot maintain his website-based claims because they are materially identical to the approved labeling claims. Mot. at 21.

"[S]tate law claims related to advertising that are 'premised ultimately upon the inadequacy of the product label' are treated the same as a state law claim about the label itself." *Cohen*, 16 F.4th at 1290 (quoting *Taylor AG Industries v. Pure-Gro*, 54 F.3d 555, 561 (9th Cir. 1995)). Thus, if a website representation is "materially identical" to an FSIS-approved label, a plaintiff's state law claims challenging the website representation are preempted. *See id.* at 1291. In *Cohen*, the Ninth Circuit reviewed the key website representation about Defendant's poultry products which reads: "They're [(the Chicken Products)] made with 100% natural, white meat chicken and without preservatives, artificial flavors, or artificial colors." 16 F.4th at 1290. The court then concluded that the first half of this representation – "They're made with 100% natural, white-meat chicken" – is "essentially identical" to the product label's representation which reads: "Made with 100% Natural White Meat Chicken." *Id.* Thus, Plaintiff's state law claims challenging the first half of the website representation are preempted. *See Id.*

According to *Cohen*, however, the second half of the website representation – "They're [(the chicken products)] made . . . without preservatives, artificial flavors, or artificial colors" – is "materially different" from the label representations – "No Preservatives," "No Artificial Colors," and "No Artificial Flavors" – because the conjunction "and" shows that the website representation applies to the product as a whole, not just the "natural, white-meat chicken." *Id.* at 1290-91. Given that the very website representation and label representation at issue here were reviewed in *Cohen,* this Court re-affirms the Court of Appeals' conclusion that "Cohen's state law claims challenging ConAgra's website representation that the chicken products as a whole contain no preservatives, artificial flavors, or artificial colors, are not preempted." *Id.* at 1291.

### D. Plaintiff's Unjust Enrichment Claim

Defendant also argues that Plaintiff's unjust enrichment claim should be dismissed for two reasons. First, Defendant argues that the unjust enrichment claim should be dismissed because "Plaintiff has not alleged which state's law purportedly governs the nationwide unjust enrichment claim." Mot. at 22. Second, Defendant argues that "Plaintiff cannot show that California law applies to the nationwide class claim." Mot. at 21-22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:20-cv-00637-DOC-ADS | Date: February 26, 2024 |
| | Page 9 |

Following other courts in this Circuit, the Court concludes that "until Plaintiffs indicate which States' laws support their claim, the Court cannot assess whether the claim has been adequately plead[ed]." *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896, 910 (N.D. Cal. 2008). Accordingly, the Court grants with leave to amend Defendant's request to dismiss Plaintiff's unjust enrichment claim.

### IV.   DISPOSITION

For the reasons explained above, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's Popcorn Chicken Product and website representation claims, **DISMISSES WITH PREJUDICE** Plaintiff's product labeling claim and **DISMISSES WITHOUT PREJUDICE** Plaintiff's unjust enrichment claims.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kd |
| CIVIL-GEN | |