ANGELA SPIVEY (*pro hac vice*)
ANDREW PHILLIPS (*pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
E-mail:    angela.spivey@alston.com
            andrew.phillips@alston.com

RACHEL E. K. LOWE (SBN 246361)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
E-mail:    rachel.lowe@alston.com

Attorneys for Defendant
**CONAGRA BRANDS, INC.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| ROBERT COHEN, a consumer, on behalf of himself and all others similarly situated, <br><br>         Plaintiff, <br><br>     v. <br><br> CONAGRA BRANDS, INC., a Delaware corporation, <br><br>         Defendant. | Case No.: 8:20-cv-00637-DOC <br><br> Assigned to the Hon. David O. Carter <br><br> **JOINT STIPULATION REGARDING DISCOVERY, SCHEDULING ORDER, AND REFERRAL TO ADR PROCESS** <br><br> [Filed concurrently with Declaration of Andrew G. Phillips and [Proposed] Order] |

1   Defendant Conagra Brands, Inc. and Plaintiff Robert Cohen, by and through their
2   respective counsel, hereby stipulate as follows for the Court's consideration:

3   WHEREAS, on September 12, 2023, Plaintiff filed his Second Amended
4   Complaint ("SAC") (Dkt. No. 98);

5   WHEREAS, on October 12, 2023, Defendant moved to dismiss Plaintiff's SAC
6   (Dkt. No. 101);

7   WHEREAS, on February 26, 2024, following briefing by the Parties, the Court
8   Granted in part and Denied in part Defendant's Motion to Dismiss the SAC and granted
9   with leave to amend Defendant's request to dismiss Plaintiff's unjust enrichment claim
10  ("MTD Order")(Dkt. No. 106);

11  WHEREAS, on February 26, 2024, the Court entered a Scheduling Order (Dkt.
12  No. 105) establishing deadlines for discovery and setting the case for trial to begin on
13  October 8, 2024;

14  WHEREAS, the parties have met and conferred in good faith and agreed to the
15  following, subject to Court approval:

16  1.  The Parties will participate in the following ADR process: Mediation pursuant
17      to ADR L.R. 6 by an appointed Court Panel Mediator,

18  2.  The Parties will hold the ADR session within 90 days from the date of the
19      order referring the case to ADR, or as soon as practicable given the availability
20      of the Court Panel Mediator,

21  3.  All deadlines set by or referenced within the Scheduling Order shall be stayed
22      pending referral to and completion of the ADR process,

23  4.  Alternately, should the Court not SO ORDER the parties' Stipulation to stay
24      all deadlines set by or referenced within the Scheduling Order, the Scheduling
25      Order  shall  be  amended  pursuant  to  the  mutually-negotiated  Revised

26
27
28

Scheduling Order,[1] to which the parties have agreed through good-faith meet and confer efforts.

WHEREAS, for the reasons discussed below, good cause exists for the case to be referred to the ADR process and for all deadlines set by or referenced within the Scheduling Order to be stayed pending referral to and completion of the ADR process because judicial economy will be served by focusing the Parties' efforts on resolving Plaintiff's remaining claims through the ADR process as opposed to engaging in costly and burdensome class discovery.

### **Good Cause Exists to Stay the Proceedings and Refer this Case to ADR**

A court's decision to stay proceedings is "generally left to the sound discretion" of the trial court. *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013). "The court's power to do so 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Sandra Shah v. Drew Chain Sec. Corp.*, No. 2:22-cv-01335-FWS-GJM, 2023 U.S. Dist. LEXIS 128045, at *1-2 (C.D. Cal. Mar. 21, 2023) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A "court may 'enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" *Id.* (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)).

Here, a stay in proceedings would serve judicial economy and conserve resources of both counsel and the Parties by allowing the Parties to focus on resolving Plaintiff's remaining claims, rather than engaging in costly, burdensome, and time-consuming class discovery. *See Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) ("The Ninth Circuit is firmly committed to the rule that the law favors and encourages compromise settlements [because] [s]ettlement agreements conserve judicial time and limit expensive litigation.") (internal citations omitted). Given the expedited nature of

---

[1] A copy of the Revised Scheduling Order is attached to the Declaration of Andrew G. Phillips ("Phillips Dec.") as Exhibit A.

the Scheduling Order, the Parties would need to immediately engage in the discovery process, including by drafting and serving class discovery, deposing Plaintiff and representatives of Defendant, engaging and retaining experts, and crafting dispositive motions, which would be due in just over four months. Those efforts would distract from and impede the Parties and their counsel's ability to focus on resolving the few remaining claims at issue in this litigation.

Indeed, the Court's MTD Order substantially narrowed Plaintiff's consumer protection claims and dismissed Plaintiff's putative nationwide class claim for Unjust Enrichment with leave to amend. Given the substantial narrowing of Plaintiff's claims, the Parties' met and conferred via telephone conference on Friday March 1 and Thursday March 7, 2024. Phillips Dec. ¶ 2. The Parties mutually agreed that judicial economy would be served by, and each of the Parties' resources would be best used in, focusing the Parties' efforts on resolving this case through the ADR Process. *Id.* ¶ 3. To jumpstart those efforts, Conagra provided informal discovery to Plaintiff regarding retail sales data of the remaining product at issue during the putative class period. *Id.* ¶ 4. During the Parties' March 7 meet and confer, the Parties discussed the sales data provided by Defendant and agreed that the Parties would file a stipulation for the case to be referred to the ADR process. *Id.* ¶ 5. The Parties also discussed and agreed that all scheduling deadlines set by or referenced in the Scheduling Order should be stayed, subject to Court approval, pending referral to and completion of the ADR process. *Id.* ¶ 6.

### **Alternative Stipulation to Amend Scheduling Order**

Alternately, should the Court not grant the parties' Stipulation to stay all deadlines and refer this matter to ADR, good cause exists to amend the Scheduling Order pursuant to the mutually negotiated Proposed Revised Scheduling Order.

The Parties respectfully submit that the current Scheduling Order entered by the Court is unworkable and would prejudice both Plaintiff and Defendant. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists to modify the Scheduling Order, because as currently contemplated,

the Scheduling Order collapses deadlines on top of one another and provides an unworkable template for either party to prosecute or defend this putative class action. Below are three non-exhaustive examples of problems that the Parties mutually perceive in the Scheduling Order.

First, the Parties wish to engage in ADR in an effort to resolve this matter now that the case has been significantly narrowed by the Court's February 26 Order, and the current Scheduling Order does not allow the Parties sufficient time to attempt ADR before engaging in costly expert and fact discovery and motions practice.

Second, because of the interplay between the Scheduling Order and the Federal Rules of Civil Procedure, initial expert disclosures would be due on July 10, 2024, just two days before the close of fact and expert discovery, which falls on Saturday, July 13, 2024. The Parties cannot realistically prepare for, schedule, and conduct expert depositions (likely involving multiple experts from each party) in two days. Moreover, the Scheduling Order wholly precludes the parties from offering rebuttal expert reports or conducting discovery with regard to rebuttal opinions within the contemplated discovery window.

Third, the dispositive motion and class certification deadlines are unworkable for a putative class action. The Scheduling Order does not provide separate deadlines for class certification briefing, motions for summary judgment, or *Daubert* motions. That means all such motions would be due on July 30, 2024. Just seven days later, the parties would need to file opposition briefs to those motions. Reply briefs for those motions follow the same seven-day turnaround. The Parties respectfully submit that the Scheduling Order is thus unworkable because it is not realistic for counsel for the Parties to adequately respond and reply to complex and potentially case dispositive motions (which would require consultation with and input from the Parties' experts and clients— and, in the case of Defendant, review and approval by Defendant's in-house legal team) in a mere seven days. Respectfully, such a schedule is unworkable, particularly in a putative class action. *See TML Recovery, Ltd. Liab. Co. v. CIGNA Corp.*, No. 8:20-cv-

00269-DOC-(JDEx), 2021 U.S. Dist. LEXIS 219897, at *12 (C.D. Cal. July 12, 2021) (granting Special Master recommendation to "vacate the current schedule and hold a scheduling conference" because the "current case schedule is unworkable").

For these and other reasons, the Parties met and conferred regarding a mutually-agreeable schedule for the further litigation of this case and agreed upon the Proposed Revised Scheduling Order. *See* Phillips Dec. at Ex. A. Should the Court decline to stay the Scheduling Order while the parties engage in ADR, the Parties respectfully stipulate to referral to ADR and the entry of the Proposed Revised Scheduling Order, subject to Court approval.

\*     \*     \*     \*

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and between the Parties, and subject to approval by the Court, that the case be referred to the ADR process and all deadlines set by or referenced within the Scheduling Order be stayed pending referral to and completion of the ADR process. Or, in the alternative, the Scheduling Order be amended pursuant to the mutually negotiated Proposed Revised Scheduling Order (Phillips Dec. Ex. A).

**IT IS SO STIPULATED.**

DATED: March 15, 2024          LIONEL Z. GLANCY
                               MARC L. GODINO
                               DANIELLE L. MANNING
                               **GLANCY PRONGAY & MURRAY LLP**

                               */s/ Marc L. Godino*
                               MARC L. GODINO
                               **Plaintiff ROBERT COHEN**

1

DATED: March 15, 2024          ANGELA SPIVEY
2                                                ANDREW G. PHILLIPS
                                                    RACHEL E. K. LOWE
3                                                ALSTON & BIRD LLP

4                                                */s/ Angela M. Spivey*
                                                       ANGELA M. SPIVEY
5                                                **Defendant CONAGRA BRANDS, INC.**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28